UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN BROADCASTING COMPANIES, Inc. *et al.*,

Plaintiffs,

v.

FEDERAL COMMUNICATIONS COMMISSION, *et al.*,

Defendants.

Civil Action No. 26-2902 (LLA)

**JOINT STATUS REPORT**

Pursuant to the Court's August 18, 2026 Minute Order, the parties twice met and conferred on August 19, 2026, via teleconference and phone call, respectively, regarding a briefing schedule and potential hearing dates in connection with Plaintiffs' pending Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2). The parties' positions are laid out below:

**Plaintiffs**: Plaintiffs respectfully request a hearing on their request for TRO on August 21, August 24, or August 25, 2026, at a time convenient for the Court. Plaintiffs understand that Defendants are available for a TRO hearing on any of the above dates. Defendants' assertion that there is "no exigency" is belied by their refusal to agree to halt any further actions against Plaintiffs while this matter is briefed and heard. Plaintiffs have already documented the irreparable harm they are suffering, and Defendants' proposed solution would further exacerbate those harms. Defendants effectively seek permission to impose draconian sanctions with only 48 hours' notice, while continuing to hang the threat of those sanctions over Plaintiffs' heads and remaining free to engage in other forms of retaliation.

Contrary to Defendants' characterization below, Plaintiffs have raised a textbook First Amendment retaliation claim. Courts in this District have already recognized that such claims belong in federal court, not before the very agency accused of engaging in First Amendment retaliation. *See Media Matters for Am. v. FTC*, 805 F. Supp. 3d 105, 125 (D.D.C. 2025) (concluding that "letting the alleged retaliator decide whether a First Amendment retaliation claim will ever be heard would not provide meaningful relief to those suffering from ongoing concrete injuries because of that retaliation"); *see also Endocrine Soc'y v. FTC*, 2026 WL 1257289, at *5–*8 (D.D.C. 2026); *Media Matters for Am. v. FTC*, 2025 WL 2988966, at *3–*5 (D.C. Cir. 2026) (denying stay pending appeal).

**Defendants**: The Federal Communications Commission (the "Commission") anticipates moving to dismiss contemporaneously with its opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction. The Commission proposes the following schedule to govern consolidated briefing on those motions: (1) the Commission's TRO/PI opposition and motion to dismiss shall be due on or before September 3, 2026; (2) Plaintiffs' TRO/PI reply and MTD opposition shall be due on or before September 17, 2026; and (3) the Commission's MTD reply shall be due on or before September 24, 2026.

Allowing the parties sufficient time to develop their arguments is especially critical in this case considering the statutory channeling provisions that limit review of Commission orders to the federal courts of appeals, *see* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a), and, for certain licensing actions, to the United States Court of Appeals for the District of Columbia, 47 U.S.C. § 402(b). Although framed as a First Amendment retaliation claim, Plaintiffs' chief concern appears to be the Commission's exercise of its statutory authority to ensure that broadcast licensees operate in the public interest, 47 U.S.C. § 309, and its conduct of an administrative process that could include (but has not yet been determined to require) a hearing on Plaintiffs' license qualifications and,

depending on the results of any such hearing, hypothetical future license revocations. PI Mem. (Dkt. 2-1) at 21-22. The D.C. Circuit has exclusive jurisdiction over such claims. *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 78–79 (D.C. Cir. 1984) ("The principal point of this decision is to make clear that where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals."). Plaintiffs certainly disagree. PI Mem. (Dkt. 2-1) at 39-43. As will be fully addressed in the Commission's forthcoming motion to dismiss, here Plaintiffs specifically "seek to circumvent an administrative proceeding followed by judicial review in a court of appeals," meaning that *Media Matters* does not control as the issue before this Court is on all fours with "the issue in *Thunder Basin*." *Media Matters for Am. v. FTC*, No. 25-5302, 2025 WL 2988966, at *5 (D.C. Cir. Oct. 23, 2025); *see also id*. ("Even more to the point, unlike in *Thunder Basin*, there is no dispute that the next step for review of Media Matters' constitutional claims is in district court, not a court of appeals."). The Court should permit the parties sufficient time to develop these threshold, jurisdictional and other arguments before the Court considers exercising any extraordinary power to issue preliminary relief.

There is no exigency that requires a hearing on Plaintiffs' proposed highly expedited schedule. Nonetheless, as an accommodation to Plaintiffs and the Court, the Commission authorized undersigned government counsel to represent that the Commission will provide at least 48 hours' notice before issuing any hearing designation order in the administrative proceeding concerning renewal of Plaintiffs' licenses until this Court decides Plaintiffs' motion for a preliminary injunction. Plaintiffs characterize that representation, which should facilitate briefing on Plaintiffs' motion, as a request for "permission to impose draconian sanctions with only 48 hours' notice." But a hearing designation order, even if eventually issued, would not be a

"sanction;" it would simply set in place a further administrative process in which Plaintiffs would have the opportunity to make their case. 47 U.S.C. § 309(e).

Should the Court prefer to proceed with an emergency hearing this or next week, undersigned government counsel is available on the dates proposed by Plaintiffs.

* * *

Dated: August 20, 2026

By: /s/ Beth A. Wilkinson
Beth A. Wilkinson (D.C. Bar No. 462561)
Jenna P. Swarbrick (D.C. Bar No. 1614398)
Daniel Epps (*pro hac vice*,
D.C. Bar No. 1002523)
Luke Churchill (*pro hac vice*,
D.C. Bar No. 90020985)
**WILKINSON STEKLOFF LLP**
2001 M St. NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jpswarbrick@wilkinsonstekloff.com
depps@wilkinsonstekloff.com
lchurchill@wilkinsonstekloff.com

Caroline Li (*pending admission,*
D.C. Bar No. 1779285)
**WILKINSON STEKLOFF LLP**
130 W 42nd St., 24th Floor
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
cli@wilkinsonstekloff.com

Paul D. Clement (D.C. Bar No. 433215)
Jeffrey C. Thalhofer (D.C. Bar No. 1658324)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
jeff.thalhofer@clementmurphy.com

*Counsel for Plaintiffs American Broadcasting Companies, Inc.; The Walt Disney Company; KABC Television, LLC; KFSN Television, LLC; KGO Television, Inc.; KTRK Television, Inc.; WABC Television (New York), LLC; WLS Television, Inc.; WPVI Television (Philadelphia), LLC; and WTVD Television, LLC*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Dimitar P. Georgiev
DIMITAR P. GEORGIEV, D.C. Bar # 1735756
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252 – 7678

*Attorneys for the United States of America*