**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

AMERICAN BROADCASTING COMPANIES, INC., et al.,

*Plaintiffs,*

v.

FEDERAL COMMUNICATIONS COMMISSION, et al.,

*Defendants.*

Civil Action No. 26-2902 (LLA)

Kenneth Douglass Newman, Pro Se
17412 Ventura Boulevard #489
Encino, CA 91316
310-467-4687

**MOTION OF KENNETH DOUGLASS NEWMAN FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Kenneth Douglass Newman, proceeding pro se, respectfully moves this Court pursuant to Local Civil Rule 7(o) for leave to file the accompanying brief, attached as Appendix A, as amicus curiae in opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction. In support of this motion, Mr. Newman states as follows.

**I. IDENTITY AND INTEREST OF PROPOSED AMICUS**

1. Mr. Newman is a petitioner of record in FCC MB Docket No. 26-131, the administrative proceeding Plaintiffs ask this Court to enjoin. On June 9, 2026, he filed a Petition to Deny the license renewal application of station KABC-TV, raising character qualification and

RECEIVED
AUG 25 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

candor issues under Section 309 of the Communications Act, 47 U.S.C. § 309, and this Circuit's decision in RKO General, Inc. v. FCC, 670 F.2d 215 (D.C. Cir. 1981).

2. The pleading cycle on that petition is complete. Plaintiffs filed a consolidated opposition of 119 pages with eleven supporting declarations on July 29, 2026. Mr. Newman filed his reply on August 4, 2026. The matter is ripe for Commission action.

3. Mr. Newman is a former employee of Plaintiffs' business affairs organization and a whistleblower who filed a complaint with the United States Securities and Exchange Commission in June 2012. He has pursued the lawful resolution of that complaint for fourteen years, across four presidential administrations. The subject matter of that complaint, and its status at the times Plaintiffs' officers executed license renewal certifications, forms part of the factual predicate of the petition now pending before the Commission.

4. The injunction Plaintiffs seek would not merely pause an agency initiative. It would freeze the adjudication of a completed, fully briefed petition filed by a private citizen in the ordinary course of the Commission's license renewal process. No party before this Court represents that interest. The Commission's counsel defends the agency's processes and authority. Plaintiffs seek to halt the proceeding. Neither speaks for the petitioner whose pleading the requested injunction would reach. Nor will any party place the contents of the administrative record before the Court. Defendants defend their authority to proceed; Plaintiffs describe the proceeding from outside it. Only a participant can describe it from within, and that is the sole office of the proposed brief.

## II. THE PROPOSED BRIEF WILL ASSIST THE COURT

5. District courts possess inherent authority to permit participation by amicus curiae, and leave is appropriately granted where the movant offers a unique perspective or information that

can assist the court beyond what the parties provide. Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008); Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 846 (D.D.C. 1996).

6. The proposed brief is narrow. It addresses three matters: (a) this Court's jurisdiction in light of the exclusive review provisions of 47 U.S.C. § 402, which channel review of Commission licensing actions to the courts of appeals following final agency action; (b) the absence of irreparable harm, because the obligation to answer questions in an administrative proceeding is an ordinary incident of holding a broadcast license, and Plaintiffs retain every administrative and appellate remedy; and (c) an accurate description of the administrative record in MB Docket No. 26-131, which predates this lawsuit and proceeds independently of the political controversies described in Plaintiffs' complaint.

7. The third matter bears directly on Plaintiffs' theory of the case. Plaintiffs characterize the Commission's proceeding as retaliatory, and they describe the petitions to deny collectively as the work of "a handful of organizations," most "not local to any of the Stations," objecting "largely" to programming content or corporate employment practices. Compl. ¶ 106. Amicus is an individual, not an organization. He resides in KABC-TV's community of license. His petition raises no programming or employment question; it raises the truthfulness and completeness of sworn certifications. The record before the Commission thus includes at least one citizen petition, filed and briefed to completion under the Commission's ordinary rules, that the complaint's description does not reach. The Court is entitled to a complete picture of the proceeding it is asked to enjoin, including the nature of the underlying securities matter, which concerns alleged financial reporting practices at one of the largest publicly traded media companies in the United States.

8. The proposed brief supports Defendants to the extent that it opposes the pending motion, but amicus appears on his own behalf and represents no party's interest. Mr. Newman takes no position in the proposed brief on any question beyond those identified above. The brief does not ask the Court to adjudicate the merits of the pending petition, which are for the Commission in the first instance.

## III. TIMELINESS AND COMPLIANCE

9. This motion is filed promptly following the commencement of this action on August 18, 2026, in advance of Defendants' opposition due September 3, 2026, well before the close of briefing on September 24, 2026, and before the hearing the Court has scheduled for early October. It is accordingly filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter. Mr. Newman will comply with any page limitation, format requirement, or briefing schedule the Court directs.

10. Pursuant to Local Civil Rules 7(m) and 7(o)(2), Mr. Newman contacted counsel for all parties by email on August 22, 2026, to ascertain their positions on this motion, and requested a response by 12:00 noon Eastern time on Tuesday, August 25, 2026. Counsel for Defendants advised on August 24, 2026, that the Commission does not oppose this motion. Counsel for Plaintiffs had not responded as of the filing of this motion.

## CONCLUSION

For the foregoing reasons, Mr. Newman respectfully requests that the Court grant leave to file the accompanying brief as amicus curiae. A proposed order is attached as Appendix B.

Respectfully submitted,

Kenneth Douglass Newman
17412 Ventura Boulevard #489
Encino, CA 91316
Telephone: 310-467-4687
kennydnewman@hotmail.com
Pro Se

Dated: August 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I caused a true and correct copy of the foregoing motion, the accompanying proposed brief, and the proposed order to be served by first-class mail, postage prepaid, on the following counsel of record:

Beth A. Wilkinson
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor, Washington, DC 20036
*Counsel for Plaintiffs*

Paul D. Clement
Clement & Murphy, PLLC
706 Duke Street, Alexandria, VA 22314
*Counsel for Plaintiffs*

Dimitar Georgiev-Remmel
U.S. Attorney's Office for the District of Columbia, Civil Division
601 D Street NW, Washington, DC 20530
*Counsel for Defendants*



Kenneth Douglass Newman