**APPENDIX A**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, et al.,<br><br>*Defendants.* | Civil Action No. 26-2902 (LLA) |

**BRIEF OF AMICUS CURIAE KENNETH DOUGLASS NEWMAN**

**IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY**

**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

DISCLOSURE STATEMENT PURSUANT TO LCvR 7(o)....................10
INTEREST OF AMICUS CURIAE....................10
SUMMARY OF ARGUMENT....................11
ARGUMENT....................12
I. THE ADMINISTRATIVE RECORD CONTAINS AN INDEPENDENT, COMPLETED PREDICATE FOR COMMISSION ACTION THAT REFUTES PLAINTIFFS' RETALIATION NARRATIVE....................12
II. THE COURT LACKS JURISDICTION TO ENJOIN A COMMISSION LICENSING PROCEEDING....................15
III. PLAINTIFFS FACE NO IRREPARABLE HARM....................15
IV. AT A MINIMUM, ANY RELIEF SHOULD NOT REACH ADJUDICATION OF THE CANDOR PETITION....................16
CONCLUSION....................17
CERTIFICATE OF COMPLIANCE....................18
CERTIFICATE OF SERVICE....................18

# TABLE OF AUTHORITIES

## Cases

Califano v. Yamasaki, 442 U.S. 682 (1979)....16
*FCC v. WOKO, Inc., 329 U.S. 223 (1946)....12
FTC v. Standard Oil Co. of California, 449 U.S. 232 (1980)....15
*RKO General, Inc. v. FCC, 670 F.2d 215 (D.C. Cir. 1981)....10, 12
*Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984)....15

## Statutes

47 U.S.C. § 309(d)....10, 13, 14
47 U.S.C. § 309(e)....13, 14
47 U.S.C. § 402(b)....14, 15

## Rules

Fed. R. App. P. 29(a)(4)....18
Local Civil Rule 7(o)....10, 18

## DISCLOSURE STATEMENT PURSUANT TO LCvR 7(o)

No counsel for any party authored this brief in whole or in part. No party, no counsel for any party, and no person other than amicus contributed money intended to fund the preparation or submission of this brief. Amicus is an individual proceeding pro se and is not a publicly held corporation. This brief is filed by leave of Court pursuant to LCvR 7(o).

## INTEREST OF AMICUS CURIAE

Amicus Kenneth Douglass Newman is a petitioner of record in FCC MB Docket No. 26-131, the administrative proceeding Plaintiffs ask this Court to enjoin. On June 9, 2026, he filed a Petition to Deny the license renewal application of station KABC-TV pursuant to Section 309(d) of the Communications Act, 47 U.S.C. § 309(d), raising character qualification and candor issues under the standards articulated in RKO General, Inc. v. FCC, 670 F.2d 215 (D.C. Cir. 1981). Plaintiffs opposed the petition on July 29, 2026, in a consolidated filing of 119 pages supported by eleven declarations. Amicus replied on August 4, 2026, completing the pleading cycle under the Commission's rules.

Amicus is a former employee of Plaintiffs' business affairs organization and, since June 2012, a whistleblower before the United States Securities and Exchange Commission concerning Plaintiffs' alleged financial reporting practices. He has pursued the lawful resolution of that complaint for fourteen years, across four presidential administrations. He submits this brief because no party before the Court represents his interest. Defendants' counsel defends the Commission's processes and authority. Plaintiffs seek to halt the proceeding. Neither speaks for the private citizen whose fully briefed petition would be frozen by the relief Plaintiffs request.

## SUMMARY OF ARGUMENT

Plaintiffs' motion rests on a single narrative: that the proceeding below is retaliation for protected speech, a political instrument with no legitimate regulatory content. The administrative record refutes that narrative. Whatever this Court concludes about the origins of the Commission's early-renewal review, the docket Plaintiffs ask this Court to freeze now contains a completed, fully briefed citizen petition raising candor questions that arise from sworn certifications, documented federal proceedings, and settled Commission precedent. That petition predates this lawsuit, proceeds independently of any programming controversy, and was litigated to completion under the Commission's ordinary rules, with Plaintiffs participating vigorously at every step. A proceeding with an independent, record-based predicate cannot be enjoined as pure pretext.

The Court also lacks jurisdiction to grant the relief requested, because Congress channeled review of Commission licensing actions exclusively to the courts of appeals, and Plaintiffs face no irreparable harm, because the obligation to answer questions in an administrative hearing is an ordinary incident of holding a broadcast license, not a sanction. Finally, if the Court concludes that any interim relief is warranted, that relief should be tailored to Plaintiffs' theory and should not extend to the adjudication of amicus's petition, which raises questions no theory of Plaintiffs' complaint reaches.

## ARGUMENT

### I. THE ADMINISTRATIVE RECORD CONTAINS AN INDEPENDENT, COMPLETED PREDICATE FOR COMMISSION ACTION THAT REFUTES PLAINTIFFS' RETALIATION NARRATIVE

1. Plaintiffs' theory of injury depends entirely on characterizing the proceeding below as regulatory power deployed for political ends. Their complaint recounts statements by public officials about Plaintiffs' programming and asks the Court to infer that any Commission action against their licenses is retaliation in regulatory dress.

2. The record before the Commission tells a different story, and amicus is positioned to describe it from within. On June 9, 2026, amicus filed a Petition to Deny raising a discrete question of law and fact: whether license renewal certifications executed under penalty of perjury by Plaintiffs' officers in 2014, 2022, and 2026 omitted material information concerning federal proceedings then pending, in violation of the candor obligations that the Commission and this Circuit have described as fundamental to the licensing system. RKO General, 670 F.2d at 236-37 (affirming disqualification solely on the ground of the licensee's lack of candor before the Commission, independent of any programming judgment). The rule long predates this controversy: the Supreme Court upheld non-renewal for concealment eight decades ago, holding that "the fact of concealment may be more significant than the facts concealed." FCC v. WOKO, Inc., 329 U.S. 223, 227 (1946). The petition, opposition, and reply are public records in the Commission's Electronic Comment Filing System, MB Docket No. 26-131, of which this Court may take judicial notice; amicus stands ready to furnish copies at the Court's request.

3. Nothing in that petition concerns Plaintiffs' programming, editorial judgments, late-night hosts, or news coverage. The petition concerns whether sworn statements made to a federal

agency were complete and truthful. Truthfulness in submissions to the Commission is not expression the First Amendment shields from regulatory scrutiny; it is the precondition of a licensing system that depends on the honesty of applicants. A candor inquiry is viewpoint-neutral by its nature. It asks not what a licensee said to the public but what it failed to say to its regulator. It applies identically to a licensee the government favors and one it disfavors.

4. Plaintiffs did not treat the petition as noise. They responded on July 29, 2026, with a consolidated opposition of 119 pages and eleven declarations. Amicus filed his reply on August 4, 2026. The pleading cycle is complete, and the matter stands ripe for Commission action under Section 309(d)(2), which obligates the Commission to proceed to hearing under Section 309(e) if a substantial and material question of fact is presented. That posture matters to this Court's analysis in two ways.

The complete history of the proceeding is brief enough to state in full:

| **Date** | **Event** |
|---|---|
| June 9, 2026 | Amicus files Petition to Deny, FCC MB Docket No. 26-131 |
| June 26, 2026 | Amicus files supplement to the petition |
| July 29, 2026 | Plaintiffs file consolidated opposition (119 pages, eleven declarations) |
| August 4, 2026 | Amicus files reply; pleading cycle closes |
| August 5, 2026 | Comment period closes, per Compl. ¶ 106 |
| August 18, 2026 | Plaintiffs file this action |

Every entry precedes the complaint. The petition cannot be an instrument of a lawsuit that did not yet exist.

5. First, it supplies what Plaintiffs' pretext narrative must deny: a legitimate, independent, fully litigated basis for the Commission to act. The candor question was framed, briefed, and submitted before this lawsuit was filed. It rests on documents, dates, and sworn

certifications, not on anyone's public statements. If the Commission concludes that the petition presents a substantial and material question of fact, Section 309(d)(2) requires a hearing; if it concludes otherwise, the statute requires denial of the petition by written finding, reviewable in the court of appeals whether or not any grant of the applications issues in the interim. 47 U.S.C. §§ 309(d)(2), (e), 402(b). Either path produces a lawful, reviewable order. A proceeding with lawful outcomes in every direction cannot be enjoined on the premise that no legitimate outcome exists. Amicus does not ask the Court to assume the petition's merit; he asks only that the Court recognize that Congress assigned its evaluation to the Commission in the first instance and its review to the court of appeals.

6. Second, it identifies an interest Plaintiffs' motion never mentions. The relief requested would not merely restrain the Commission. It would suspend the adjudication of a private citizen's completed petition, filed as of right under a statute Congress enacted precisely so that members of the public could participate in licensing decisions. 47 U.S.C. § 309(d). Amicus followed every rule, met every deadline, and litigated his petition to completion against one of the largest media companies in the world and some of the most accomplished advocates in the country. The equities of an injunction that would freeze that petition indefinitely, at the request of the party accused in it, deserve the Court's consideration. Nor would such a freeze be a neutral pause: the 2026 renewal application remains pending, and an injunction would suspend the only forum in which the questions the petition raises about that pending application can be answered.

7. Amicus notes one further fact bearing on the materiality of the questions presented below. The securities matter underlying the petition concerns alleged financial reporting practices at one of the largest publicly traded media companies in the United States. Amicus

states this only so the Court has an accurate picture of what the administrative proceeding involves and does not ask the Court to resolve any question concerning it.

## II. THE COURT LACKS JURISDICTION TO ENJOIN A COMMISSION LICENSING PROCEEDING

8. Amicus anticipates that Defendants will address jurisdiction fully and offers only the perspective of a participant in the administrative process. Congress channeled review of Commission licensing actions exclusively to the courts of appeals. 47 U.S.C. § 402(b) commits appeals from license renewal decisions to the United States Court of Appeals for the District of Columbia Circuit, and this Circuit has long held that claims that would interfere with prospective final orders of the Commission lie within the exclusive jurisdiction of the court of appeals, not the district court. Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984).

9. A hearing designation order is not a final agency action. It is the beginning of an adjudication, not the end of one, and it imposes no sanction. It asks questions. If the Commission errs at any point, Plaintiffs' remedy is the hearing itself, followed by review in the court of appeals on a complete record. That is the system Congress designed, and it leaves no role for a district court injunction halting the process before the agency has decided anything.

## III. PLAINTIFFS FACE NO IRREPARABLE HARM

10. The Supreme Court has held that the expense and disruption of participating in an administrative adjudication, even a burdensome one the respondent believes is unfounded, does not constitute irreparable injury. FTC v. Standard Oil Co. of California, 449 U.S. 232, 244

(1980). Answering a hearing designation order is not a penalty. It is the ordinary obligation of every broadcast licensee, accepted as a condition of using the public's airwaves.

11. Amicus adds the perspective of the opposing participant. Plaintiffs have already demonstrated, in the proceeding itself, that they are fully capable of defending their interests before the Commission: their opposition ran 119 pages and marshaled eleven declarants. A party with that capacity to litigate, an administrative forum obligated to hear it, and a court of appeals waiting at the end has an adequate remedy at every step. What Plaintiffs seek is not protection from irreparable harm. It is exemption from questions.

## IV. AT A MINIMUM, ANY RELIEF SHOULD NOT REACH ADJUDICATION OF THE CANDOR PETITION

12. If the Court concludes, notwithstanding the foregoing, that some interim relief is warranted, that relief should be tailored to the theory that supports it. Injunctive relief should be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." Califano v. Yamasaki, 442 U.S. 682, 702 (1979). Plaintiffs' claim is retaliation for protected expression. Whatever force that theory may have as applied to inquiries into programming and editorial matters, it has none as applied to the adjudication of a citizen petition that raises no question of content. An order freezing the candor petition would enjoin the one component of the proceeding below that Plaintiffs' own theory cannot reach.

13. Tailored relief would also respect the integrity of a completed statutory process. Amicus filed under a statute Congress enacted to give members of the public a voice in licensing decisions, and he litigated his petition to completion under the Commission's rules. An injunction that suspends a completed petition indefinitely, on the motion of the party it concerns, and

without any finding that the petition itself is tainted, would burden lawful participation in a process Congress opened to the public. An exception for the candor petition would also be administrable: the petition rests on a documentary predicate that reads identically whatever the Court concludes about the origins of the early-renewal review, so its adjudication neither depends on nor advances any purpose the complaint alleges. If any portion of the proceeding below is to be paused, the adjudication of the candor petition should be expressly excepted.

## CONCLUSION

The candor obligations at issue in the proceeding below are not burdens imposed on Plaintiffs for their speech. They are the terms on which every broadcaster, large or small, holds the public's airwaves. In America, no licensee, however beloved its stories or storied its history, stands above them. The motion for a temporary restraining order and preliminary injunction should be denied.

Respectfully submitted,

Kenneth Douglass Newman
17412 Ventura Boulevard #489
Encino, CA 91316
Telephone: 310-467-4687
kennydnewman@hotmail.com
Pro Se

Dated: August 26, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the page limitation of LCvR 7(o)(4) because it does not exceed 25 pages, and with the requirements of FRAP 29(a)(4) as incorporated by LCvR 7(o)(5).

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I caused a true and correct copy of the foregoing brief to be served by first-class mail, postage prepaid, on counsel of record for all parties: Beth A. Wilkinson, Wilkinson Stekloff LLP, 2001 M Street NW, 10th Floor, Washington, DC 20036, and Paul D. Clement, Clement & Murphy, PLLC, 706 Duke Street, Alexandria, VA 22314, Counsel for Plaintiffs; and Dimitar Georgiev-Remmel, U.S. Attorney's Office for the District of Columbia, Civil Division, 601 D Street NW, Washington, DC 20530, Counsel for Defendants.

Kenneth Douglass Newman