# Exhibit 26

**From:** Christina Thomas
**To:** Tatel, Jennifer; Georgina Feigen; Elizabeth Goldin; Phillip Rosario; Christopher Sova; Estella Salvatierra
**Cc:** de Lozier, Emilie
**Subject:** RE: The Walt Disney Company, File No. EB-IHD-25-00038333 | LOI Responses
**Date:** Monday, August 25, 2025 5:00:03 PM

---

Counsel:

The Enforcement Bureau (Bureau) has reviewed The Walt Disney Company's (Disney) responses to the Bureau's June 5, 2025, Letter of Inquiry (LOI or Inquiry). Based on our review, Disney failed to provide certain documents and information requested by the Bureau's LOI. As a reminder, Attachment B of the LOI requires Disney to provide the following:

- Dated copies of all documents referenced in the inquiries or described in response to the inquiries in Attachment A.
- Dated copies of all documents that serve as the basis for or otherwise support the responses to the inquiries.

As excerpted from the LOI, below are inquiries that lack responsive documentation and/or information. Disney should provide the missing material identified below within 10 days from the date of this email.

---

Inquiry 2. The Bureau requested that Disney "[p]rovide any Disney agreements, contracts, policies, or practices that impose requirements or goals (aspirational or otherwise) regarding race, color, religion, national origin, or sex on Disney's Stations, contractors, employees, or any third- parties providing services on behalf of Disney. Also state whether any Disney employees or employees of its Stations, contractors or third parties acting on behalf of Disney are or can be selected, promoted, or terminated as a result of such agreements, contracts, policies or practices."

In its response, Disney reported having Affirmative Action Plans (AAPs) and Federal Contractor Veterans' Employee Reports (FCVERs) for its owned stations. However, Disney did not provide AAPs and FCVERs for each year covered by the LOI
(December 2020 to present per 7/2 correspondence). Disney should account for and provide AAPs and FCVERs for each year covered by the LOI, for each owned station, including the source materials from which the AAPs were derived.

AAPs for the following years were not provided:

| | |
|---|---|
| KABC-TV, Los Angeles \| '22 | KFSN-TV, Fresno, CA \| '22, '23, '24, '25 |
| KGO-TV, San Francisco; CA \| '22, '23, '24 | WPVI-TV, Philadelphia, PA \|'25 |
| WTVD(TV), Durham, NC \| '22, '23 | WABC-TV, New York, NY \| '21, '22 |

FCVERs for the following years were not provided:

| | |
|---|---|
| KABC TV, Los Angeles \| '22, '23, '24 | KFSN-TV, Fresno, CA \| '22, '23, '24 |
| KGO-TV, San Francisco; CA \| '22, '23, '24 | KTRK-TV, Houston \| '22, '23 |
| WTVD(TV), Durham, NC \|'22, '23, | WPVI-TV, Philadelphia, PA \| '22, '23 |
| WABC-TV, New York, NY \| '21, '22, '23 | |

Additionally, Disney did not support its response to this inquiry by including the contracts that purportedly impose federal affirmative action requirements, or the documents that memorialize the policies and/or practices that support its response. Further, Disney did not state whether any Disney employees or employees of its Stations, contractors, or third parties acting on behalf of Disney are, or can be, selected, promoted, or terminated as a result of such agreements, contracts, policies, or practices. Disney should provide the information and documents missing from these deficient responses.

Inquiry 4. The Bureau requested that Disney "[l]ist and describe any Disney-provided employee resource groups or other employee affinity groups based, in whole or in part, on race, color, religion, national origin, or sex. Include in the response any membership requirements or prohibitions, whether there is any oversight, support (financial or otherwise), or guidance by Disney, and if Disney has dedicated physical space(s) reserved for the group(s). Likewise, specify whether participation or membership in any such groups has been considered by Disney in the context of hiring, promotion, or termination decisions."

In its response, Disney reported [redacted] Disney should provide the missing information and documents that are responsive to this inquiry.

Inquiry 7. The Bureau requested that Disney "[l]ist and describe any bonus policies (performance or otherwise) or advertising sales incentive plans that include any metrics or goals (aspirational or otherwise) related to race, color, religion, national origin, or sex."

In its response, Disney specifically mentioned the [redacted]

Disney should provide this missing documentation.

Inquiry 8. The Bureau requested that Disney "[s]tate whether Disney has received any employee complaints about bias, sensitivity, or any other matters related to race, color, religion, national origin, or sex. If the answer is "yes," provide copies of all complaints and Disney's responses to the complaints. State Disney's formal or informal policies in addressing such complaints. If any changes were implemented in response to a complaint, provide all related documentation."

In its response, Disney reported, among other things, [redacted] Disney should provide this missing documentation.

Further, Disney reported [redacted]

- [redacted]

[redacted]

- [redacted]

Inquiry 9. The Bureau requested that Disney "[l]ist and describe all Disney employment positions related to the implementation or planned implementation of policies or practices regarding race, color, religion, national origin, or sex. Also describe any office, department, or group within Disney that is dedicated to such policies. Include in the response the number of employees and contractors employed, and provide an organizational chart showing where it exists within Disney."

In response, Disney reported having a policy of providing equal employment opportunities, but failed to provide the policy. [redacted] Disney should address these deficiencies and provide the missing information and documents.

Inquiry 10. The Bureau requested that Disney "[s]tate whether Disney uses policies, preferences, or goals (aspirational or otherwise) regarding race, color, religion, national origin, or sex to make fellowship, scholarship, internship, sponsorship, or supplier decisions. If the answer is "yes," list and describe the results of such decisions, including whether Disney imposes any such requirements on the recipients."

In its response, Disney reported participating in and/or funding more than 20 fellowships, scholarships, internships, and sponsorships that included eligibility criteria based on race, color, religion, national origin, or sex. Disney failed to describe the listed fellowships, scholarships, internships, and sponsorships, including how Disney has participated in each and the eligibility criteria applicable to each. Further, Disney failed to list and describe the results of each such fellowship, scholarship, internship, and sponsorship decision within the period covered by the LOI (for example, the selection or eligibility criteria, number of applicants, number of recipients, etc.). Disney also failed to provide any documents that serve as the basis for or support decisions regarding the funding and participation, including but not limited to applications, for the reported fellowships, scholarships, internships, and sponsorships. Disney also failed to provide any responsive information about its suppliers. Disney should address these deficiencies and provide the missing information and documents.

Inquiry 11. The Bureau requested that Disney "[s]tate whether Disney participates in the Corporate Equality Index or other similar surveys that score Disney on metrics related to race, color, religion, national origin, or sex."

In its response, Disney reported that [redacted] Disney should provide the requested documents and information for all years covered by the LOI.

Inquiry 13. The Bureau asked, "[i]f any Disney policies, practices, or positions that included considerations of race, color, religion, national origin, or sex have been eliminated, discontinued, or amended, including by name, career, or title, provide the date and describe the nature of the change and any public notifications of the same."

In its response, Disney reported [redacted]

Further, while Disney asserts that [redacted] Disney should provide this information and the missing documentation. Disney's narrative responses and document production should be emailed to Christopher.Sova@fcc.gov, Elizabeth.Goldin@fcc.gov, Georgina.Feigen@fcc.gov, and Christina.Thomas@fcc.gov. All documents should be delivered to the BOX account identified in the LOI and subsequent emails.

Sincerely,

Christina Thomas

Federal Communications Commission

Investigations & Hearings Division | Enforcement Bureau

202-418-1879

Christina.Thomas@fcc.gov

---

**From:** Tatel, Jennifer
**Sent:** Tuesday, July 22, 2025 8:19 PM
**To:** Christina Thomas ; Georgina Feigen ; Elizabeth Goldin ; Phillip Rosario ; Christopher Sova ; Estella Salvatierra
**Cc:** de Lozier, Emilie
**Subject:** The Walt Disney Company, File No. EB-IHD-25-00038333

All,

Attached on behalf of The Walt Disney Company ("TWDC") please find the final narrative response to the above-referenced LOI, along with a supporting Declaration. This response is inclusive of our prior submissions to the FCC and remains subject to the Request for Confidential Treatment submitted on July 8, 2025. Simultaneously herewith we are uploading responsive documents to the Box folder provided by Christina.

Please let us know if you have any questions.

Thanks,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Christina Thomas <Christina.Thomas@fcc.gov>
**Sent:** Thursday, July 17, 2025 10:47 AM
**To:** Tatel, Jennifer <JTatel@wbklaw.com>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Elizabeth Goldin

<Elizabeth.Goldin@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** Receipt Acknowledgment RE LOIR: The Walt Disney Company, File No. EB-IHD-25-00038333

Good morning Jennifer,

We acknowledge receipt of the Revised Disney LOI Initial Response PDF.

Thank you,

Tina

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Wednesday, July 16, 2025 6:59 PM
**To:** Christina Thomas <Christina.Thomas@fcc.gov>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** RE: RE LOIR: The Walt Disney Company, File No. EB-IHD-25-00038333

Tina,

Please see attached a revised and updated version of Disney's response to question 1, along with the other two responses we submitted on July 8, 2025. This submission remains subject to Disney's request for confidential treatment submitted on July 8, 2025.

Regards,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Christina Thomas <Christina.Thomas@fcc.gov>
**Sent:** Thursday, July 10, 2025 4:01 PM
**To:** Tatel, Jennifer <JTatel@wbklaw.com>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** RE LOIR: The Walt Disney Company, File No. EB-IHD-25-00038333

Hi Jennifer:

We acknowledge receipt of Disney's:

- Narrative responses to questions *1, 9, and 11;
- LOI Response production index Excel sheet;
- Request for Confidential Treatment;
- DET HR Team, Employee Relations PDF;
- Disney Entertainment (DE) DEI Org Chart PDF;
- Employee Relations Center of Excellence & Corporate Employee Relations PDF; and
- Enterprise DEI Org Chart PDF.

*We note that the narrative response to Question 1 did not include "all services the Company provides pursuant to any such license. . ." but rather, the call sign chart only lists the type of license and/or primary service provided by each such license. We note that many of these licenses are capable of being used to provide multiple services and ask that the Company provide a listing of all such services for each license listed. For example, some entities have a Ku-Band T/R Temporary Fixed Earth Station license – this license can be used for multiple services such as broadband internet, satellite TV broadcasting, or something else. Please supplement the response by C.O.B. July 16th with the

Company's full response to Question 1 regarding the services provided pursuant to each of its FCC licenses, permits, registrations, certificates, or authorizations. We note that while Question 1 also asked for "all associated file numbers," we are currently waiving the request for this information while maintaining our right to request such information at a later date if we find it necessary.

Thank you,

Tina

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Tuesday, July 8, 2025 7:09 PM
**To:** Georgina Feigen <Georgina.Feigen@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Christina Thomas <Christina.Thomas@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** The Walt Disney Company, File No. EB-IHD-25-00038333

All,

Attached on behalf of The Walt Disney Company ("TWDC") please find a narrative response to questions 1, 9, and 11 in the above-referenced LOI, along with a Request for Confidential Treatment. Simultaneously herewith we are uploading responsive documents to the Box folder provided by Christina. TWDC will submit its completed narrative response and upload remaining responsive documents on July 22nd.

Please let me know if you have any questions.

Thanks,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Wednesday, July 2, 2025 2:01 PM
**To:** Georgina Feigen <georgina.feigen@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Christina Thomas <Christina.Thomas@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Subject:** RE: Disney | Counsel Requested Meeting

Georgina, we really appreciate your accommodation of our requests. We will make our initial production next Tuesday, and the remainder of the production on July 22nd. We will plan to use the box folder, send a confirmation email, and let you know if we encounter any difficulties.

I hope everyone gets to enjoy a long holiday weekend.

Thanks,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Georgina Feigen <Georgina.Feigen@fcc.gov>
**Sent:** Wednesday, July 2, 2025 1:14 PM
**To:** Tatel, Jennifer <JTatel@wbklaw.com>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Christina Thomas <Christina.Thomas@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Subject:** RE: Disney | Counsel Requested Meeting

Jennifer:
To expedite this process, and without waiving or prejudicing our ability to renew our demand that Disney produce documents prior to December 2020 and on behalf of more than those Disney-owned broadcast stations that are subject to EEO requirements set forth in the FCC's rules, we agree to accept the proposed timeframe of December 2020 as well as the production of documents limited to Disney-owned broadcast stations that are subject to EEO requirements set forth in the FCC's rules. We also agree to extending the response to question 13 to the July 22 deadline as well as the production timeline of July 8th for the first production.
We mentioned last week that we are transitioning from Box and requested that Disney provide its responses on a thumb drive. However, our IT department has since granted Box access for purposes of this production. Please use the following file transfer link to upload Disney's LOI response and any accompanying confidentiality request:
https://us-fcc.box.com/s/fgtr91h8303czigdmxncttw36rflxbnx
Thank you.
Georgina
Georgina Feigen
Assistant Division Chief
Investigations and Hearings Division
Enforcement Bureau
Federal Communications Commission
45 L Street NE
Washington, DC 20554

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Monday, June 30, 2025 9:44 AM
**To:** Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Christina Thomas <Christina.Thomas@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Subject:** RE: Disney | Counsel Requested Meeting

Elizabeth:
Thank you for the prompt response to our request. I have reviewed the matter with the team at Disney and we have some remaining concerns about the scope and feasibility of responding as you outline below. As we discussed, Disney is committed to cooperating with the Bureau in this matter. There are practical and legal limits, however, to what Disney is capable of producing, particularly on the timetables provided below.
As you are no doubt aware, Disney's business operations extend well past the areas subject to the Commission's statutory authority. The Commission has no authority to conduct sweeping investigations into the employment practices of businesses not subject to FCC regulation. Even to the extent that such business operations hold and operate auxiliary FCC licenses, the FCC's authority is properly addressed to such licensed operations and the rules governing those licensed operations. The production of information concerning the practices of business units not subject to FCC EEO requirements would only burden both Disney and the Bureau's staff with the production and review of irrelevant material. As such, the scope of production should be limited to business units that hold FCC licenses to the extent such licenses are subject to EEO requirements set forth in the FCC's rules.
In addition, with respect to the definition of "Station," we acknowledge that the LOI included the definition you cite below. If taken literally, however, this definition would encompass literally hundreds of stations that are owned, operated, and controlled by dozens of entities over which Disney has no control. Disney has no access to the information or documents held by such entities and no means to compel the cooperation of such entities. We trust the Bureau will agree that Disney cannot be expected to produce information or documents that it

does not possess and cannot obtain, which, in any event, would pertain to the employment practices of entities for which Disney is not responsible.
In connection with that point, based on your analysis below, it seems clear that the January 1, 2018, scope of the LOI extends far beyond any statute of limitations applicable to any Disney entity. As you recognize below, December 2020 is the oldest license renewal date of any Disney-owned broadcast station. Any other license held by any Disney entity would be controlled by the 12-month SOL mandated by Section 503(b)(6) for non-broadcast licenses. The January 1, 2018, scope of the LOI is therefore unnecessarily extensive and will create unwarranted burdens on both Disney and the FCC's staff, as it covers at least two years that are beyond any SOL period applicable to any Disney entity. Therefore, the scope of production should be limited to December 2020. This period of time will be several years beyond the SOL time frame applicable to all but the relative handful of broadcast licenses held by Disney entities and therefore will ensure a more than fulsome record for the Bureau's review.
Finally, with respect to the extension of time described below, Disney believes that it will be able to produce its LOI responses on the timetable you describe with two minor amendments. First, we request that our response to question #13 be pushed to the July 22 deadline applicable to the bulk of our response because a comprehensive and complete response to question #13 will require extensive coordination within the Company. Second, due to the intervening Independence Day holiday and the additional processing needed to deliver materials via thumb drive as described below, we request that Disney be permitted to deliver the responses to questions 1, 9, and 11 by July 8, rather July 7.
We appreciate your consideration. We can be available to further discuss this matter if it will be helpful to do so.
Regards,
Jennifer
**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Sent:** Wednesday, June 25, 2025 6:23 PM
**To:** Tatel, Jennifer <JTatel@wbklaw.com>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Christina Thomas <Christina.Thomas@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Subject:** RE: Disney | Counsel Requested Meeting

Jennifer:
Thank you for the call last week and for the follow-up email memorializing the points raised during the call.
We cannot agree to Disney's proposal to limit its responses to questions 1-7, 9-11, and 13 to "the Disney-owned broadcast stations as well as enterprise wide to the extent applicable to the owned stations." As you may recall, the definition of "Station" used in the LOI states: " 'Station' shall mean any authorization, permit or facility licensed or authorized to the Company, including all predecessors and previous call signs, and/or any station to which the Company provides or transmits programming under a local marketing agreement, time brokerage agreement, affiliate agreement, license agreement, or any other shared services or programming agreement." Additionally, the definition of Disney/Company in the LOI is broader than "Station." Given these definitions, providing responses that only include Disney-owned broadcast stations does not comply with the Bureau's request.
In recognition of the difficulties you outlined in providing the information requested in questions 8 and 12, the Bureau is willing to narrow the request for these two questions to Disney owned stations. We will initially agree to the limitation with regard to questions 8 and 12, without prejudice to our right to renew our request to the broader definition of Station and/or Disney as defined in the LOI, later in this investigation.

Regarding the December 2020 timeframe, we understand that December 2020 is the date of the oldest license renewal for the Disney-owned stations. However, your proposed timeframe does not encompass the other facilities covered by the definition of Station, as noted above, or the definition of Disney as outlined in the LOI. Accordingly, the scope of the LOI response will remain January 1, 2018.

Lastly, we are willing to give Disney an additional 15 days, until July 22, to respond to the bulk of the LOI, given the scope of the information requested as outlined above. However, we ask that the Company provide its responses to Qs 1, 9, 11, and 13 by the original July 7 production deadline.

As we mentioned on our call, the FCC is in the middle of transitioning away from Box for its larger productions. Accordingly, we ask that you provide the response on a thumb drive (hard drive). We can coordinate an in-person delivery in the lobby of 45 L Street NE. Please be aware that we are unable to provide a time-stamped receipt if we are handling the hand-off. If a time-stamp is required, you can send a courier directly to 45 L Street NE, but we will need to provide at least 24 hour notice to the Security Office that a courier is coming and 3 pm is the cut-off. The following are the technical requirements for the hard drive:

Preferred request: USB Thumb Drive/SDD (Windows 10 compliant)

Size: Any (1) Given File in excess of 250 gb or greater is to be partial-ed out in split files.

USB Type A (USB 3.0 Gen)

Security: Encrypted

Let us know if you have any questions. Thanks, Elizabeth

Elizabeth Goldin
Deputy Chief l Enforcement Bureau l Investigations and Hearings Division
Federal Communications Commission
Elizabeth.Goldin@fcc.gov l 202.418.2057

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Wednesday, June 18, 2025 8:14 PM
**To:** Christina Thomas <Christina.Thomas@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** RE: Disney | Counsel Requested Meeting

> You don't often get email from jtatel@wbklaw.com. Learn why this is important

All,

Thank you for speaking with us this afternoon. To memorialize our discussion:

1. Disney will respond to questions 1-7, 9-11, and 13 on behalf of the Disney-owned broadcast stations as well as enterprise wide to the extent applicable to the owned stations. For questions 8 and 12, Disney will respond on behalf of the owned stations. The statutory authority with respect to the broadcast licensees is distinct from other license holders, the potential information responsive to these two questions is not located in one centralized location within the enterprise, and the information as requested is potentially voluminous and would not be beneficial to this investigation.

2. Disney will respond to all questions with material dating back to December 2020. The statute of limitations for broadcast licensees is limited to the term of the license, and December 10, 2020 is the date of the oldest license renewal grant for a Disney-owned broadcast station.

3. Disney requests an additional 30 days to respond, until August 6th, to ensure sufficient time to gather, review, and prepare for production all relevant information and provide a narrative response to the LOI. This extension will be particularly helpful as we understand EB to be

implementing a new process for document production that remains under consideration.

We look forward to hearing from you soon, and we are happy to discuss further as needed.

Regards,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Christina Thomas <Christina.Thomas@fcc.gov>
**Sent:** Monday, June 16, 2025 3:00 PM
**To:** Tatel, Jennifer <JTatel@wbklaw.com>; de Lozier, Emilie <EdeLozier@wbklaw.com>
**Cc:** Georgina Feigen <Georgina.Feigen@fcc.gov>; Phillip Rosario <Phillip.Rosario@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>
**Subject:** Disney | Counsel Requested Meeting

Hi Jennifer and Emilie,

It's an atypical week for us with the holiday on Thursday and other scheduled leave. We have availability on Wednesday, June 18th at either 3:30 PM or 4:00 PM. Please let us know if either of those times works for you, and I'll send a calendar invite.

Thank you,

Christina Thomas
Attorney Advisor
Federal Communications Commission
Investigations & Hearings Division | Enforcement Bureau

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Friday, June 13, 2025 5:39 PM
**To:** Christina Thomas <Christina.Thomas@fcc.gov>; Christopher Sova <Christopher.Sova@fcc.gov>; Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>; Georgina Feigen <Georgina.Feigen@fcc.gov>; Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Cc:** de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** [EXTERNAL]: RE: Disney Letter of Inquiry

You don't often get email from jtatel@wbklaw.com. Learn why this is important

CAUTION: This email originated from outside of the Federal Communications Commission. Do not click on links or open attachments unless you recognize the sender and trust the content to be safe. If you suspect this is a phishing attempt, please use the 'Report Message' feature in Microsoft Outlook or forward the email to the NSOC.

All, we'd like to request a meeting next week to discuss scope and timing for our response to this LOI. Could you please give us some possible times for a discussion and we will work around your schedule?

Thanks, and have a nice weekend,

Jennifer

**JenniferTatel**
202.383.3344
JTatel@wbklaw.com

---

**From:** Tatel, Jennifer <JTatel@wbklaw.com>
**Sent:** Friday, June 6, 2025 4:50 PM
**To:** Christina.Thomas@fcc.gov; Christopher Sova <christopher.sova@fcc.gov>; Elizabeth.Goldin@fcc.gov; Georgina Feigen <georgina.feigen@fcc.gov>; Estella.Salvatierra@fcc.gov
**Cc:** paul.clement@clementmurphy.com; erin.murphy@clementmurphy.com; james.xi@clementmurphy.com; de Lozier, Emilie <EdeLozier@wbklaw.com>
**Subject:** RE: Disney Letter of Inquiry

Ms. Thomas,

On behalf of The Walt Disney Company, this is to acknowledge receipt of the email below. Please include the attorneys on this email for all future correspondence regarding this matter.
Regards,
Jennifer

WILKINSON ) BARKER ) KNAUER ) LLP

**Jennifer Tatel**
Partner, Management Committee Member
1800 M Street NW Suite 800N
Washington, DC 20036
Tel:202.383.3344
JTatel@wbklaw.com
vCARD

This electronic message transmission contains information from the law firm of Wilkinson Barker Knauer, LLP which may be confidential or privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please delete this message and any attachments from your system and contact us immediately by telephone at 202.783.4141 or by electronic mail to the sender.

---

**From:** Christina Thomas <Christina.Thomas@fcc.gov>
**Date:** Thursday, June 5, 2025 at 2:58 PM
**To:** HORACIO.GUTIERREZ@DISNEY.COM <HORACIO.GUTIERREZ@DISNEY.COM>
**Cc:** Fox, Susan <SUSAN.FOX@DISNEY.COM>, Christopher Sova <Christopher.Sova@fcc.gov>, Elizabeth Goldin <Elizabeth.Goldin@fcc.gov>, Georgina Feigen <Georgina.Feigen@fcc.gov>, Estella Salvatierra <Estella.Salvatierra@fcc.gov>
**Subject:** Disney Letter of Inquiry

**This Message is From an External Sender**
Caution: Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Iger,
Please see the attached Letter of Inquiry issued by the FCC today.
Sincerely,
Christina Thomas
Attorney Advisor
Federal Communications Commission
Investigations & Hearings Division | Enforcement Bureau