**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN BROADCASTING COMPANIES, INC.,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL COMMUNICATIONS COMMISSION,** *et al.*,<br><br>Defendants<br><br>and<br><br>**FREQUENCY FORWARD, LLC,**<br>**MEDIA ACTION CENTER,** *et al.*,<br><br>Proposed Plaintiffs-Intervenors | Case No. 1:26-cv-2902 (LLA) |

**OPPOSITON OF FREQUENCY FORWARD AND MEDIA ACTION CENTER, ET AL. TO DEFENDANT'S MOTION TO STAY OBLIGATION TO RESPOND TO MOTION TO INTERVENE, OR ALTERNATIVELY, TO EXTEND**

Frequency Forward, and the Media Action Center, individuals, Elise Nakhnikian, Ginger Feldman, Jen Senko, Marcia Annenberg, Rosy Harari, Kristen Brochmann, Jill Noelle Pellowski, Anne Cooper, William Clinton McSherry II, Merry Jones, Kimberley Leahy, James Keenan, Mitchell Szczepanczyk, Sabrina Haake, Torry Mercer, Jeff Shaw, Lanny Larson and Roxanne Griffith ("collectively Proposed Intervenors"), hereby oppose Defendant's Motion.

If granted, Defendant's Motion would delay this proceeding and prejudice the Proposed Intervenors' rights to participate during a critical phase of this litigation. Proposed Intervenors filed their Motion to Intervene (Dkt. 18) on August 24, 2026. Oppositions are due on Tuesday,

September 8, 2026. See, LCvR 7(b). Plaintiffs filed their Opposition early on September 3, 2026 (Dkt. 22). On Friday, September 4, 2026, before the start of the three-day Labor Day weekend, Defendant filed its Motion to Stay, one business day before its opposition was due.

Defendant seeks either a stay or alternatively an extension until September 22, 2026, to oppose Proposed Intervenors' Motion. Grant of either form of relief would prejudices Proposed Intervenors. The Court should see this motion for what it is, a bad faith pleading filed for the purpose of delay. Defendant does not seek to stay the entire proceeding, only the Court's action on Proposed Intervenors' motion. Thus, under Defendant's scheme, the litigation would continue, while Proposed Intervenors Motion would be stayed. Defendant meets none of the criteria federal courts typically require for granting a stay. Defendant does not claim that 1.) it will likely prevail on the merits 2.) suffer irreparable injury 3.) that other parties will be harmed, or 4.) that the public interest will be served by granting the stay. On the other hand, should the Court stay or delay Defendant's response, Proposed Intervenors will be denied the opportunity to participate during a critical part of this proceeding, including the scheduled hearing on the motion for a preliminary injunction. After Defendant contacted Proposed Intervenors concerning its request for an extension, Proposed Intervenors offered a reasonable compromise. Proposed Intervenors would agree to an extension if 1.) the parties agree that its Reply to the Plaintiffs' Opposition would be due seven days after Defendant files its Opposition[1] and 2.) the parties would not object to the Proposed Intervenors filing an opposition to Defendant's Motion to Dismiss due September 17, 2026, nor object to its participation in the hearing scheduled for October 6, 2026. Defendant rejected the compromise proposal.

[1] Proposed Intervenor's Reply to Plaintiffs' motion is due September 10, 2026.

Defendant fails to provide good cause for the grant of its motion. Defendant merely claims that counsel's "availability to prepare a response was impacted by his otherwise heavy docket – including briefing this matter – and previously scheduled annual leave." Defendant's counsel thus simultaneously claims that he is too busy to prepare an opposition and that figuratively speaking (and perhaps literally), he has gone fishing. The US Attorney's Office is a large office with many attorneys, surely it can find an attorney to respond to a straightforward motion to intervene.

To grant a stay or an extension of time would prejudice the Proposed Intervenors and functionally deny them the opportunity to participate during a critical phase of the proceeding. See, e.g., *Koch v. White*, 251 F. Supp. 3d 162, 180 (D.D.C. 2017) (Plaintiffs motion falls short of "good cause" justifying an extension of time.) Defendant has made no showing which would justify further delay.

Accordingly, the Court should deny Defendant's ill-timed motion and grant Proposed Intervenors' Motion to Intervene.

By: /s/ Arthur Belendiuk
Arthur V. Belendiuk
D.C. Bar No. 336768
Smithwick & Belendiuk, P.C.
5028 Wisconsin Avenue, N.W., #301
Washington, D.C. 20016
(202) 363-4559

Dated: September 7, 2026