**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, et al.,<br><br>*Defendants*. | No. 26-cv-2902-LLA |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF BY AMERICA FIRST LEGAL FOUNDATION**

Pursuant to Local Rule 7(o), America First Legal Foundation ("AFL") respectfully moves to leave to file an *amicus* brief and states in support:

## INTRODUCTION

Plaintiffs ask this Court to enjoin the Federal Communications Commission's ("FCC") early license renewal proceeding. On June 29, 2026, AFL filed a Petition to Deny the renewal of all eight Disney ABC broadcast licenses on behalf of viewers in each station's service area. *See generally* Petition to Deny, *In re Walt Disney Co.*, MB Docket No. 26-131 (FCC June 29, 2026). Those petitioners are among the last remaining parties in interest with a stake in the renewal proceeding. Should this Court grant the relief Plaintiffs seek, it would terminate the Commission's consideration of the eight license renewal applications and cut off the avenue through which AFL's parties in interest seek to vindicate their interests.

AFL's brief addresses three issues the Court should consider. First, it provides a detailed account of the historical and legal record demonstrating that the FCC's early renewal authority is a longstanding exercise of congressionally delegated power, *Nat'l Broad. Co. v. U.S.*, 319 U.S. 190, 214 (1943), and one that is highly discretionary. *See Leflore Broad. Co., Inc. v. FCC*, 636 F.2d 454, 463 (D.C. Cir. 1980). Second, it explains why this Court lacks jurisdiction—Congress channeled judicial review of FCC licensing decisions exclusively to the courts of appeals, and Plaintiffs cannot circumvent that framework by dressing their challenge as a freestanding equitable claim. Third, it shows that enjoining the proceedings would directly prejudice AFL and the fifteen parties in interest whose claims would be frozen if this Court halts the agency's proceedings.

**ARGUMENT**

1. AFL is a 501(c)(3) nonprofit public interest law firm. It represents citizens in cases that raise significant constitutional concerns. On June 29, 2026, AFL filed a Petition to Deny the renewal of all eight Disney ABC broadcast licenses on behalf of local viewers, alleging serious violations of the Commission's equal employment opportunity rules. *See* Pet. to Deny ¶ 3.

2. AFL's petitioners have standing as parties in interest under Section 309(d) of the Communications Act. *See Off. of Commc'n of United Church of Christ v. FCC*, 359 F.2d 994, 1000 (D.C. Cir. 1966). An injunction halting the FCC's proceeding would leave AFL and the parties in interest without any forum for vindication of their interests.

3. AFL's role in the underlying FCC proceeding is part of the record before this Court. *See* ECF No. 1 ¶ 88 (referencing petitions to deny in the renewal docket),

4. AFL files in support of Defendants, the FCC and its Commissioners.

5. AFL's brief addresses arguments the parties have not developed—including the historical record of the early renewal rule, the jurisdictional defects in Plaintiffs' claims, and the prejudice to third-party petitioners. An amicus brief is appropriate when "it may provide important assistance to the court." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002).

6. Leave to file is particularly warranted when the "amicus has an interest in some other case that may be affected by the decision in the present case." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Trading Comm'n*, 125 F.2d 1062, 1064 (7th Cir. 1997)). AFL is not a bystander to this litigation—it is an active participant in the very FCC proceeding that Plaintiffs seek to enjoin, with a pending Petition to Deny before the Commission. If this Court halts the renewal proceeding, AFL's petition and the interests of the viewers it represents will effectively be dismissed.

7. AFL recognizes the capable representation provided by the Department of Justice and the FCC's Office of General Counsel. But the government's defense is necessarily institutional. AFL's perspective is different—it is an active participant in the proceeding Plaintiffs want stopped. The Commission has not yet concluded whether Disney violated the FCC's EEO rules. AFL has already taken that position,

supported by publicly available evidence, and can present the Court with the substance of its Petition to Deny, which goes directly to the question of pretext.

8. AFL has conferred with counsel for all parties. No party objects to this filing.

9. A proposed order accompanies the motion as required by Rule 7(o).

For these reasons, AFL respectfully asks the Court to docket the accompanying brief of *amicus curiae*.

DATED: September 16, 2026

Respectfully submitted,

*/s/ Emily Percival*
Emily Percival
DC Bar No. 90001650
Robert Crossin
DC Bar No. 90036740
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
Tel.: 202.596.9846
emily.percival@aflegal.org
bobby.crossin@aflegal.org

*Counsel for Amicus Curiae*
*America First Legal Foundation*