**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., *et al.*,<br><br>*Plaintiffs*<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>*Defendants.* | Case No.1:26-cv-2902 (LLA) |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER FCC CHAIRMEN, COMMISSIONERS, AND SENIOR-LEVEL STAFF**


Janine Lopez
**Protect Democracy Project**
2020 Pennsylvania Avenue NW
Suite 163
Washington DC 20006
(202) 579-4582

Conor S. Gaffney
**Protect Democracy Project**
201 St. Charles Avenue, Suite 114
New Orleans, LA 70170

Tobin Raju
Rachel E. Goodman
**Protect Democracy Project**
82 Nassau Street, # 601
New York, NY 10038

Andrew Jay Schwartzman
**Andrew Jay Schwartzman, PLLC**
525 9th Street NW, Seventh Floor
Washington, DC 20004

Gigi Sohn
**G Squared Strategies**
3503 Alton Place NW
Washington, DC 20008

Berin Szóka
Ari Cohn
**TechFreedom**
1500 K Street NW, Floor 2
Washington, DC 20005

*Counsel for Amici Curiae*

By and through undersigned counsel, *amici* respectfully move this Court for leave to file a brief as amici curiae in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF 2. The proposed *amici* brief is attached as Exhibit 1. The proposed order granting leave is attached as Exhibit 2. Counsel for *amici* conferred with counsel for all parties regarding the filing of this motion and attached brief, and no party objects to the filing of either.

1. *Amici* are eighteen former FCC chairmen, commissioners, general counsel, chiefs of staff, and bureau chiefs. They have served Republican and Democratic administrations, from President Reagan to President Biden. Their individual names, roles, and terms of service on the FCC are detailed in the proposed brief.

2. *Amici* file this brief in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF 2.

3. Collectively, *amici* have decades of experience leading the FCC, interpreting the scope of the agency's powers under the Communications Act and the Constitution, and applying the agency's rules and regulations, including those governing the early license renewal proceedings at issue in this case. Additionally, *amici* are intimately familiar with FCC administrative practice which governs where statute and regulation are silent.

4. *Amici* write to provide the Court the benefit of this expertise in determining whether the Court has jurisdiction over Plaintiffs' claims.

5. As *amici*'s brief explains, as a matter of both law and agency practice, Plaintiffs' motion asserts a claim that falls outside of the statutory review schemes Congress established in the Communications Act. Accordingly, this Court has jurisdiction to hear Plaintiffs' claim.

6. "An amicus curiae, defined as 'friend of the court,' does not represent the parties but participates only for the benefit of the Court." *United States v. Microsoft Corp.*, No. Civ.A. 98-1232, 2002 WL 319366, at *2 (D.D.C. 2002) (citation modified). "District courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *Smith v. Chrysler Fin. Co.*, No. Civ.A. 00-6003, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)). It is within the district court's discretion to "determine the fact, extent, and manner of the participation" of amici curiae. *Jin*, 557 F. Supp. 2d at 136 (citation modified). "An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id*. at 137 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

7. The Court should exercise its discretion to grant this motion because *amici* offer unique information not provided by either party which will assist the Court in its assurance of its own jurisdiction.

8. In their brief, *amici* explain how the FCC's administrative structure and agency practice give the Chairman near-total control over Plaintiffs' early renewal proceedings before the Media Bureau, allowing him to delay the issuance of a final appealable order and prolong the constitutional injury inflicted by the retaliatory proceedings.

9. *Amici* also explain how Plaintiffs' claims fall outside the narrow scope of early renewal proceedings, based on their experience administering these kinds of proceedings.

10. Finally, *amici* explain how the FCC's expertise on the First Amendment and broadcast policy does not translate to expertise over Plaintiffs' First Amendment retaliation claim.

11. No party or its counsel had any role in authoring this brief. No person or entity—other than *amici* counsel—contributed money to fund the preparation of this brief.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court accept the accompanying brief for filing.

Dated: September 17, 2026

Respectfully submitted,

/s/ Janine Lopez

Janine Lopez
**Protect Democracy Project**
2020 Pennsylvania Avenue NW
Suite 163
Washington DC 20006
(202) 579-4582

Conor S. Gaffney
**Protect Democracy Project**
201 St. Charles Avenue, Suite 114
New Orleans, LA 70170

Tobin Raju
Rachel E. Goodman
**Protect Democracy Project**
82 Nassau Street, # 601
New York, NY 10038

Andrew Jay Schwartzman
**Andrew Jay Schwartzman, PLLC**
525 9th Street NW, Seventh Floor Washington, DC 20004

Gigi Sohn
**G Squared Strategies**
3503 Alton Place NW
Washington, DC 20008

Berin Szóka
Ari Cohn
**TechFreedom**
1500 K Street NW, Floor 2
Washington, DC 20005

*Counsel for Amici Curiae*