UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2902 (LLA) |

**DEFNDANTS' MOTION TO STRIKE**

Defendants respectfully move this Court strike from the record the Lieberman Declaration and the eighty-two pages of exhibits that Plaintiffs submitted as part of their reply in further support of their motion for preliminary relief. *See* Dkt. 42-1 to 42-3, and 43-1 to 43-3.[1] As previously argued, Plaintiffs' First Amendment retaliation claim fails because the impetus for the early renewal processing of Plaintiffs' broadcast licenses was the need for more information to support the Commission's antidiscrimination investigation. PI Opp'n (Dkt. 24) at 33-38.[2] Likewise, the Commission's interests in pursuing its investigation are not pretextual. *Id*. at 38-45.

---

[1] Pursuant to Local Civil Rule 7(m), the parties conferred, via counsel. Plaintiffs requested the following position statement be included: "Plaintiffs oppose. Any supplemental evidence cited in Reply was directly responsive to arguments raised by Defendants and thus outside the ambit of Rule 65.1(c). In the alternative, Plaintiffs respectfully request leave to submit the evidence attached to their consolidated opposition and reply, as it either responds to Defendants' arguments or addresses developments postdating the filing of Plaintiffs' Motion. *See, e.g.*, *Am. Gateways v. U.S. Dep't of Just.*, 2025 WL 2029764, at *9 n.4 (D.D.C. July 21, 2025) (construing declarations accompanying consolidated opposition and reply as motion for leave to file supplemental evidence and granting leave)."

[2] Pin cites are to the ECF-generated page numbers appearing in the top, right corner of each page.

Plaintiffs, "apparently nervous about whether [their] initial affidavits suffice," now have introduced new evidence to establish their likelihood of success on the merits. *Oceans v. Dep't of the Interior*, Civ. A. No. 24-0141 (RCL), 2024 WL 3104945, at *4 (D.D.C. Jun. 24, 2024). Local Rule 65.1(c) applies to "an application for a preliminary injunction." *All. for Retired Ams. v. Bessent*, Civ. A. No. 25-0313 (CKK), 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025). Plaintiffs here moved for a preliminary injunction and were required to comply with Local Rule 65.1(c). *See generally* PI Mot. (Dkt. 2). Plaintiffs failed to comply.

Local Rule 65.1(c) requires a party seeking a preliminary injunction to include all its evidence in its application for preliminary relief. The rule states, in relevant part, that any application for a preliminary injunction "shall be supported by all affidavits on which the plaintiff intends to rely." LCvR 65.1(c). "The traditional, commonly repeated rule is that shall is mandatory[.]" *Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 (D.C. Cir. 2016) (emphasis omitted). That is simply a different articulation of the cardinal rule that a party must present all its arguments in its opening motion and that arguments raised "for the first time in [its] reply are forfeited because it leaves Defendant with no opportunity to respond." *Harrison v. Off. of Architect of Capitol*, 68 F. Supp. 3d 174, 183 (D.D.C. 2014), *aff'd*, 793 F.3d 119 (D.C. Cir. 2015). Put simply, Local Rule 65.1(c) forecloses litigation by ambush and guarantees the parties have an equal opportunity to develop the record and respond to each other's arguments, thus allowing the Court to fully benefit from the adversarial process. Plaintiffs attempt to bypass that process here by introducing new factual evidence after the parties have completed briefing.

True, Local Rule 65.1(c) includes a limited exception, which vests in this Court discretion to permit supplemental materials. LCvR 65.1(c) ("Supplemental affidavits either to the application

or the opposition may be filed only with permission of the Court."). But Plaintiffs were required to seek leave of Court before placing additional evidence on the docket. They plainly did not. Notably, Plaintiffs elected to file the additional materials contemporaneously with their reply in further support of their motion for preliminary relief. Their decision to do so, without seeking leave of court, places the burden on the Commission to move to strike, and does so during the limited time the Commission has to prepare its own reply in further support of its motion to dismiss. At the same time, it leaves some uncertainty about the documents and arguments to which the Commission must respond, and improperly places additional material before the Court. Plaintiffs had ample opportunity to move to introduce the additional information prior to filing their reply. Rather than conferring with the Commission under Local Civil Rule 7(m) and moving for leave to file additional evidence, Plaintiffs simply backdoored new evidence to their reply and relied on them in their briefing. Plaintiffs' disregard for the proper procedures for seeking consideration of additional materials should not be rewarded and the motion to strike should be granted based on Plaintiffs' procedural failure alone. *See Lykins v. Rose*, 608 F. Supp. 693, 696 (D.D.C. 1984) (acknowledging that "litigation strategy and judgment" may have "consequence[s]").

Nor can Plaintiffs establish good cause to introduce the evidence. Courts use the "good cause" standard when evaluating requests to supplement. *See, e.g.*, *All. for Retired Ams.*, 2025 WL 1744617, at *1; *see also Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (recognizing "good cause" as the standard by which to evaluate "forfeiture of non-jurisdictional preservation requirements"). "Good cause" exists where outside factors affected a

party's ability to comply.[3] "The 'good cause' standard is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Campaign L. Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 47 (D.D.C. 2024) (citation modified). Thus, for example, good cause exists to extend the 120-day deadline for service under Rule 4(m) "when some outside factor rather than inadvertence or negligence, prevented service." *Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012). The court in *Alliance for Retired Americans* found good cause sufficient to permit supplementation under Local Rule 65.1(c) where a plaintiff believed its initial evidence of standing sufficed until similar evidence was rejected "in another case in this District presenting similar issues and in which Plaintiffs' counsel is counsel of record, [when] Judge John D. Bates denied the plaintiffs' motion for a temporary restraining order and held that similar declarations were insufficient to establish associational standing." 2025 WL 1744617, at *2. That is not what happened here.

Plaintiffs simply attached a new declaration and ten additional exhibits, which they then liberally cited in their reply. Exhibits 57 to 61, for example, are materials that existed at the time Plaintiffs filed their motion for preliminary injunction. Wilkinson Suppl. Decl. (Dkt. 42-1) ¶¶ 2-6. Plaintiffs do not articulate any development outside Plaintiffs' or their counsel's control to establish "good cause" for failing to introduce those records as part of their motion, filed on August 18, 2026. It may be that Plaintiffs' understanding of their case has evolved. But Plaintiffs are bound by the numerous litigation choices they made thus far—to sue, when to sue, what claims to make, to pursue preliminary relief and on what claims, and what evidence to use in support of its request for preliminary relief—and the Court should hold Plaintiffs to those strategic choices. *See*,

[3] The D.C. Circuit has identified a deficiency in initial argument as a "good cause" where the question of standing was concerned. *Twin Rivers*, 934 F.3d at 614. Plaintiffs' proffered evidence here does not go to the question of standing or otherwise address the Court's jurisdiction.

*e.g.*, *Hardimon v. United States*, No. 18-5371, 2019 WL 3949747, at *1 (D.C. Cir. Jul. 26, 2016) (denying motion to supplement the record where a party failed to present evidence to the district court). If the decision to move for a preliminary injunction was made before fully comprehending the case, "[m]istake of counsel . . . usually does not suffice to establish good cause." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

Plaintiffs might argue that the Commission is not prejudiced because it can respond to the additional evidence at oral argument. But that is no excuse; otherwise, it would excuse every party who improperly introduces new evidence or argument on reply. Such approach wrongly presumes government counsel is readily available at the time of Plaintiffs' choosing to review the new submission, analyze its relevance, and form arguments in a manner that best benefits the adversarial process, all without regard to competing deadlines in other cases that also require counsel's attention and are viewed as equally important by the plaintiffs who have brought them.

For these reasons, the Commission respectfully requests that the Court strike from the record the supplemental declaration and exhibits Plaintiffs submitted as part of their reply (Dkts. 42-2 & 42-3, 43-2 & 43-3).

Dated: September 24, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*

DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 –2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2902 (LLA) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for strike, and the entire record herein, it is hereby

ORDERED that Defendants' motion to strike is GRANTED, and it is further

ORDERED that the Clerk of Court is directed to strike from the record the supplemental evidence (Dkts. 42-1 to 42-3, and 43-1 to 43-3).

SO ORDERED:

________________
Date

____________________________
LOREN L. ALIKHAN
United States District Judge