IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN BROADCASTING COMPANIES, INC., *et al.*,

*Plaintiffs*,

v.

FEDERAL COMMUNICATIONS COMMISSION, *et al.*,

*Defendants*.

Civil Case No. 1:26-cv-2902-LLA

Judge Loren L. AliKhan

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE UNDER LOCAL RULE 65.1(c)**

Plaintiffs submitted two declarations alongside their combined opposition and reply brief. The first—a declaration by ABC's outside counsel in this matter—introduces ten pieces of evidence that rebut evidence introduced by Defendants in their own brief, many of which postdate Plaintiffs' opening brief. The second—a declaration by ABC in-house counsel Eric Lieberman—contains updated production statistics to supplement those submitted alongside Plaintiffs' opening brief. Defendants move to strike those declarations and supporting evidence from the record. That motion should be denied. Defendants nowhere dispute that the challenged evidence responds to arguments and evidence they themselves introduced. Their objection is one of sequence: that Plaintiffs did not seek leave before filing. But because Plaintiffs' evidence is rebuttal evidence, no motion for leave was required. The most straightforward illustration is Wilkinson Exhibit 60:[1]

[1] All citations to Wilkinson Exhibits refer to the numbered exhibits (Dkt. No. 43-02) filed alongside the September 17, 2026, Wilkinson Declaration (Dkt. No. 43-01).

Plaintiffs' answer to a deficiency email that Defendants first introduced in their opposition. *See* PI Opp. 34, Dkt. No. 24 (citing Defs.' Ex. 27, Dkt. No. 24-27). Defendants opened that subject; they cannot now object that Plaintiffs answered it. In the alternative, and to the extent the Court concludes that leave was required, Plaintiffs respectfully request it now.

"[M]otions to strike, as a general rule, are disfavored." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (citation modified) (affirming denial of motion to strike reply affidavit); *see also Murray v. Amalgamated Transit Union*, 2014 WL 11281392, at *11 (D.D.C. 2014) (rejecting the "draconian sanction" of striking supplemental materials filed with an opposition and reply brief). "Courts instead favor resolving cases on their merits." *Williams v. Spencer*, 883 F. Supp. 2d 165, 173 (D.D.C. 2012). Defendants offer no good reason to overcome this presumption.

The rule on which Defendants ground their motion, Local Rule 65.1(c), does not bar reply evidence in the circumstances of this case. Local Rule 65.1(c) establishes a truncated default procedure for a preliminary-injunction motion; it affords the nonmovant only seven days to prepare an opposition, LCvR 65.1(c), and "make[s] no provision for a reply," *Arpaio v. Obama*, 27 F. Supp. 3d 185, 196 (D.D.C. 2014). The briefing schedule in this case departed from Local Rule 65.1(c) by affording Defendants fourteen days to respond to Plaintiffs' motion for a preliminary injunction and authorizing Plaintiffs to file a "reply in support of their motion." Min. Order (Aug. 20, 2026). Because Local Rule 65.1(c), in contrast to this Court's briefing order, does not contemplate a reply, it necessarily does not address the type of evidence that could be submitted along with any reply.

Courts in analogous circumstances regularly permit rebuttal evidence to be submitted with a reply. For example, Federal Rule of Civil Procedure 6(c)(2), just like Local Rule 65.1(c),

requires that any affidavit supporting a motion must be served with the motion. And, just like Local Rule 65.1(c), Rule 6(c)(2) is silent on whether evidence may be submitted alongside a reply brief. Courts have nevertheless interpreted Rule 6(c)(2) to permit rebuttal evidence to be filed when the movant files a reply. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476–77 (6th Cir. 2002) ("[R]eply affidavits that respond only to the opposing party's brief are properly filed with the reply brief."); *see also Battle v. Mnuchin*, 480 F. Supp. 3d 198, 207 n.8 (D.D.C. 2020) ("The supplemental Hatch declaration and the R. Bernhard declaration are designed to rebut Battle's claim—made in his opposition brief—that Hatch could not have reasonably relied on R. Bernhard's assessment, so the Secretary properly submitted them in reply."); *Murray*, 2014 WL 11281392, at *11 ("[A] party may submit new facts in reply, when supported by a declaration, if the facts serve to rebut a claim raised by the opposing party." (citation omitted)).

Allowing the submission of evidence in reply that rebuts arguments made or evidence submitted in opposition makes particularly good sense in cases that involve a burden-shifting framework. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (describing burden-shifting framework applicable to First Amendment retaliation cases); *see also Battle*, 480 F. Supp. 3d at 207 n.8 (permitting reply evidence under *McDonnell Douglas* burden-shifting framework). Under that framework, Plaintiffs made their prima facie case of retaliation in their opening brief. In response, Defendants identified a purportedly non-retaliatory justification for the early renewal order. *See* PI Opp. 24–36. Plaintiffs' first opportunity to respond to Defendants' justification came in reply, and Plaintiffs supported that reply with specific rebuttal evidence:

- Defendants' opposition justifies the early renewal order based on a deficiency email sent by the FCC two weeks after the early renewal order was issued. *See* PI Opp. 34; Defs.' Ex. 27. Wilkinson Exhibit 60 contains the correspondence that Plaintiffs sent in response—a paradigmatic example of rebuttal evidence. *See United States v. Carter*,

70 F.3d 146, 149 (D.C. Cir. 1995) ("Rebuttal evidence is admitted for the purpose of explaining or refuting evidence offered by the other side."); *cf. also* Fed. R. Evid. 106 (authorizing, where one party admits a statement, the other party to admit "any other statement" that "in fairness ought to be considered at the same time"). And Wilkinson Exhibit 59 demonstrates that an FCC Commissioner disagrees that the FCC initiated early license renewal because of discovery-related concerns.

- Defendants' opposition also contends that the initiation of the early license renewal proceeding was "essential" for the Commission to obtain information about Plaintiffs' Equal Employment Opportunity practices. PI Opp. 35. The September 17, 2026, Lieberman Declaration (Dkt. No. 43-03) rebuts this point by demonstrating that the Commission has continued to seek, and Plaintiffs have continued to produce, a high volume of discovery outside of the early renewal process, including after the filing of this lawsuit.

- Defendants' opposition accuses Plaintiffs of taking the Chairman's statements "out of context." PI Opp. 34. Wilkinson Exhibits 57, 58, 61, 63, and 66 introduce additional statements and conduct by Carr to show that, when viewed in "context," the Chairman's statements demonstrate retaliatory animus.

- Defendants' opposition argues that the President's statements targeting ABC are merely examples of the presidential "bully pulpit." PI Opp. 36 n.7. Wilkinson Exhibits 57, 62, and 65 together demonstrate that the President's statements are not efforts to persuade Americans, but instead animus-motivated directives to the FCC to punish Plaintiffs for coverage that the Administration dislikes.

- Defendants' opposition seeks to undermine Plaintiffs' evidence of irreparable harm. *See* PI Opp. 36–44. Wilkinson Exhibit 64 provides another example of an early-renewal-related chilling effect.

This evidence (much of which postdates Plaintiffs' opening brief) responds to evidence and arguments presented by Defendants' opposition, rather than to carry Plaintiffs' burden on their affirmative case. Moreover, allowing the submission of this evidence in reply is especially appropriate in cases that, like this one, involve ongoing harm, as such cases will necessarily generate evidence that postdates an opening brief. *See, e.g.*, Wilkinson Ex. 64.

Defendants' principal response is that five of the exhibits "existed at the time Plaintiffs filed their motion for preliminary injunction." Mot. to Strike 4, Dkt. No. 51. That observation misses the point. What matters is not when evidence came into being, but when the argument it rebuts was made. There was no occasion for Plaintiffs to address Defendants' contentions that the

Chairman's statements were taken "out of context" and that early-renewal-related public comment was "essential" to advance the DEI investigation in Plaintiffs' opening brief, because Defendants first presented those contentions in their opposition brief. PI Opp. 26, 35. The rule is settled that "[r]eply affidavits that respond only to the opposing party's brief are properly filed with the reply brief," *Peters*, 285 F.3d at 476–77, without regard to when the underlying material was created. Were it otherwise, a movant would be obliged to preemptively marshal evidence against every argument its opponent might conceivably make.

The lack of prejudice to Defendants further confirms that their motion should be denied. Plaintiffs submitted the challenged evidence nineteen days before the hearing in this case, which gave (and still gives) Defendants ample time to prepare a response either before or during the upcoming hearing on the motion. *See Am. Gateways v. U.S. Dep't of Just.*, 2025 WL 2029764, at *9 n.4 (D.D.C. July 21, 2025) (considering evidence submitted alongside a consolidated opposition and reply because "Defendants . . . had an opportunity to respond"); *cf.* Fed. R. Civ. P. 6(c)(2) (authorizing service of affidavits up to *seven days* before a hearing).

Defendants' efforts to demonstrate prejudice fail. Defendants could have, and still can, seek leave to respond in writing. They say that responding would burden counsel "during the limited time the Commission has to prepare its own reply," Mot. to Strike 3, yet Defendants filed that twenty-page reply the same day they filed this motion. And, tellingly, Defendants do not claim inability to respond at the hearing; instead, they argue only that responding at the hearing "is no excuse," which is not a showing of harm. *Id.* at 5. Just as Plaintiffs plan to respond at the hearing to the novel administrative exhaustion argument raised by Defendants for the first time in their reply, *see* PI Reply 2, Dkt. No. 52 (arguing that an interlocutory appeal to the D.C. Circuit

was available from the early renewal order), so too can Defendants respond to Plaintiffs' rebuttal evidence at the hearing.

Because the challenged evidence properly responded to evidence and arguments raised by Defendants' opposition brief, its submission with Plaintiffs' reply brief did not violate Local Rule 65.1(c). If this Court determines that Local Rule 65.1(c) required leave of Court for the submission of this evidence, however, Plaintiffs respectfully request that leave now. *See Am. Gateways*, 2025 WL 2029764, at *9 n.4. There is good cause for the Court to grant leave given the responsive nature of the challenged evidence and the absence of prejudice to Defendants. *See All. for Retired Ams. v. Bessent*, 2025 WL 1744617, at *1–2 (D.D.C. 2025) (finding good cause for plaintiffs to submit supplemental evidence based on the questionable application of Local Rule 65.1(c) to a motion for a temporary restraining order, plaintiffs' need to respond to subsequent events, and the absence of prejudice to the defendants).

For the above reasons, this Court should deny Defendants' motion to strike, or in the alternative grant leave for Plaintiffs to submit the evidence included alongside their reply.

Dated: September 28, 2026

By: /s/ Beth Wilkinson
Beth A. Wilkinson (D.C. Bar No. 462561)
Jenna P. Swarbrick (D.C. Bar No. 1614398)
Daniel Epps (*pro hac vice*, D.C. Bar No. 1002523)
Luke Churchill (D.C. Bar No. 90020985)
**WILKINSON STEKLOFF LLP**
2001 M St. NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jpswarbrick@wilkinsonstekloff.com
depps@wilkinsonstekloff.com
lchurchill@wilkinsonstekloff.com

Caroline Li (D.C. Bar No. 1779285)
**WILKINSON STEKLOFF LLP**
130 W 42nd St., 24th Floor
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
cli@wilkinsonstekloff.com

Paul D. Clement (D.C. Bar No. 433215)
Jeffrey C. Thalhofer (D.C. Bar No. 1658324)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
jeff.thalhofer@clementmurphy.com

*Counsel for Plaintiffs American Broadcasting Companies, Inc.; The Walt Disney Company; KABC Television, LLC; KFSN Television, LLC; KGO Television, Inc.; KTRK Television, Inc.; WABC Television (New York), LLC; WLS Television, Inc.; WPVI Television (Philadelphia), LLC; and WTVD Television, LLC.*