**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-02902-LLA<br><br>Judge Loren L. AliKhan |

**MOTION OF KENNETH DOUGLASS NEWMAN FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AS AMICUS CURIAE**

Kenneth Douglass Newman respectfully moves, pursuant to Local Civil Rule 7(o), for leave to file the supplemental brief attached as Appendix A. A proposed order is attached as Appendix B, and a declaration with exhibits is attached as Appendix C. In support of this motion, movant states as follows.

1. On August 25, 2026, movant filed a motion for leave to file an amicus brief, with the proposed brief attached. Dkt. Nos. 20, 20-1. No party opposed that motion within the time provided by LCvR 7(o)(2), and it remains pending. Movant respectfully suggests that the Court may find it convenient to consider the two motions together. Movant's motion to use a post office box as his address of record, Dkt. No. 20-3, is likewise pending, and movant uses the same address here.

2. On September 17, 2026, Plaintiffs filed their Combined Opposition to Defendants' Motion to Dismiss and Reply in Support of Motion for Preliminary Relief, Dkt. No. 43, together with a proposed order, Dkt. No. 43-4.

3. That filing raised two matters for the first time. Plaintiffs addressed the effect of the requested injunction on the petitions to deny pending before the Commission, and cited movant's



RECEIVED
SEP 28 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

proposed brief by name and docket number in doing so. Dkt. No. 43 at 42 n.57. And Plaintiffs' proposed order specified for the first time how long the relief they seek would last: until "the conclusion of this case." Dkt. No. 43-4 at 1. The proposed order filed with Plaintiffs' original motion left that term blank. Dkt. No. 2-8 at 1.

4. Neither matter could have been addressed in a brief served on August 26, 2026. This motion is filed promptly after the filing that raised them and well in advance of the hearing set for October 6, 2026. *See* Notice of Hearing (Aug. 25, 2026). It is filed eleven days after that filing and eight days before the hearing. It does not unduly delay the Court's ability to rule on any pending matter. LCvR 7(o)(2).

5. **Interest of movant.** Movant is a petitioner of record in FCC MB Docket No. 26-131, the administrative proceeding Plaintiffs ask this Court to enjoin. On June 9, 2026, he filed a Petition to Deny the license renewal application of station KABC-TV pursuant to 47 U.S.C. § 309(d). Plaintiffs opposed the petition on July 29, 2026, in a consolidated filing of 119 pages supported by eleven declarations. Newman Decl. ¶ 2. Movant replied on August 4, 2026, completing the pleading cycle under the Commission's rules. The petition is fully briefed and awaits Commission action. Movant seeks no license and holds no competing application.

6. **Party supported.** Movant supports Defendants as to the scope of any relief the Court may grant. He takes no position on any question concerning Plaintiffs' editorial judgments or programming.

7. **Why an amicus brief is desirable, why movant's position is not adequately represented, and why it bears on the disposition.** The brief addresses the scope of any relief the Court may grant, a question the Court must reach if it grants relief in any form and one that Plaintiffs' September 17 filing put before it. No party before the Court represents the interest of a member of the public whose completed petition would be suspended by that relief. Defendants' counsel defends the Commission's authority and processes; Plaintiffs seek to halt the proceeding. Neither speaks for the private citizen whose petition is pending in it, and neither has addressed what should happen to that petition if relief issues. Frequency Forward, Media Action Center, and

a group of individual viewers have moved to intervene as plaintiffs, Dkt. No. 18, and that motion is pending; they too ask the Court to halt the proceeding. *See* Dkt. No. 37-1 at 2–3. Movant seeks no party status; he asks only that any order preserve the Commission's ability to dispose of pending petitions. The accepted amicus briefs divide the same way. Those supporting Plaintiffs ask the Court to halt the proceeding; where they mention the petitions pending in it, they treat those petitions as part of what should be halted. *See* Dkt. No. 48 at 11–12; Dkt. No. 49 at 6, 25; Dkt. No. 50 at 12. Those supporting Defendants, filed by organizations that are themselves petitioners below, ask the Court to deny relief altogether. *See* Dkt. No. 32 at 1; Dkt. No. 47 at 1–2, 21. None addresses what an order should say about pending petitions if relief issues.

8. **Position of the parties.** Pursuant to LCvR 7(o)(2) and 7(m), movant states the positions of the parties as follows. Movant requested Plaintiffs' position by electronic mail to Plaintiffs' counsel on September 24, 2026. Plaintiffs responded: "Plaintiffs do not consent due to the timing." Movant requested Defendants' position by electronic mail to Defendants' counsel on September 24, 2026. Defendants responded: "The Commission does not oppose." The timing of this motion is addressed in paragraphs 3 and 4 above.

9. The proposed supplemental brief does not repeat the arguments in movant's initial brief and is confined to the scope of relief, a question Plaintiffs' September 17, 2026 filing placed before the Court. It is well within the page limitation of LCvR 7(o)(4). Together, movant's initial brief and this supplemental brief contain twenty pages of text, exclusive of captions, tables, signature blocks, and certificates.

For these reasons, movant respectfully requests that the Court grant leave to file the supplemental brief attached as Appendix A, together with the declaration and exhibits attached as Appendix C.

Respectfully submitted,

Kenneth Douglass Newman
17412 Ventura Boulevard #489
Encino, California 91316
Telephone: 310-467-4687
kennydnewman@hotmail.com
*Movant, Pro Se*

Dated: September 28, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2026, I served a true and correct copy of the foregoing Motion for Leave to File a Supplemental Brief as Amicus Curiae, together with Appendices A, B, and C, by first-class mail, postage prepaid, and by electronic mail, on the following counsel for the parties:

Beth A. Wilkinson
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
bwilkinson@wilkinsonstekloff.com

Paul D. Clement
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
paul.clement@clementmurphy.com
*Counsel for Plaintiffs*

Dimitar Georgiev-Remmel
United States Attorney's Office
for the District of Columbia, Civil Division
601 D Street NW
Washington, DC 20530
dimitar.georgiev-remmel@usdoj.gov

Jeremy Samuel Bloch Newman
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
jeremy.s.newman@usdoj.gov
*Counsel for Defendants*

Courtesy copies were also sent by electronic mail on the same date to Jenna P. Swarbrick (jpswarbrick@wilkinsonstekloff.com), Daniel Epps (depps@wilkinsonstekloff.com), Luke Churchill (lchurchill@wilkinsonstekloff.com), and Caroline Li (cli@wilkinsonstekloff.com) of Wilkinson Stekloff LLP, and Jeffrey C. Thalhofer (jeff.thalhofer@clementmurphy.com) of Clement & Murphy, PLLC.



Kenneth Douglass Newman