UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2902 (LLA) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

The Federal Communications Commission respectfully submits this notice to inform the Court of a decision issued by the U.S. Court of Appeals for the D.C. Circuit on September 25, 2026, after the close of briefing on the motions pending in this case. *See Anthropic v. Dep't. of War*, No. 26-1049, 2026 WL 2881404 (D.C. Cir. Sept. 25, 2026).

In *Anthropic*, a government contractor challenged the Department of War's decision to exclude an artificial intelligence product from the Department's supply chain. *Id.* at *1. The contractor argued that the Department's decision constituted retaliation in violation of the First Amendment. *See id.* at *17. As evidence for this claim, the contractor pointed to what the court characterized as "pungent statements" in a social media post by the Secretary of War. *Id.* The court explained, however, that a government official's "rhetoric seldom provides a sound basis for judging the lawfulness of federal executive action." *Id.* (citing *Mullin v. Doe*, 146 S. Ct. 2121, 2139 (2026); *Trump v. Hawaii*, 585 U.S. 667, 700–02 (2018)). It accordingly held that the contractor had failed to establish the "causal link" element of its retaliation claim. *See id.* So too here, the public statements of Chairman Carr and President Trump on which Plaintiffs rely to show

animus are not sufficient for that purpose. *See, e.g.*, Defs.' Mot. (Dkt 23) at 45 (public officials may speak vigorously, and even colorfully, to spark debate); *see also* Compl. (Dkt. 1) ¶ 141 (arguing that "the President and Chairman's own statements and the timing of the Administration's public statements relative to the Commission's actions" establish causation).

*Anthropic* is also noteworthy because it confirms that a private party may advance a First Amendment retaliation claim as part of a petition for review in the court of appeals. *See* 2026 WL 2881404, at *2. Here, too, as Defendants have explained, the Hobbs Act and the Commissions Act channel Plaintiffs' claims to the courts of appeals, including the D.C. Circuit, and thereby divest this Court of subject-matter jurisdiction. *See* Defs.' Mot. (Dkt. 23) at 23-31; Reply (Dkt. 52) at 5-20.

Dated: September 30, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*

DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 –2500 (main)

*Attorneys for the United States of America*