UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2902 (LLA) |

**DEFENDANTS' OPPOSITION TO MOTION TO FILE**

Defendants respectfully submit this opposition to the Proposed Intervenors'[1] motion for leave to file an opposition to Defendants' motion to dismiss ("Prop. Opp'n," Dkt. 37). Nothing in their perfunctory motion persuades why they should be permitted to file their proposed opposition. The Court should deny their request and strike from the record their proposed filing.

Only a party may make substantive filings. *See* LCvR 7(b) (providing that "an opposing *party* shall serve and file a memorandum of points and authorities in opposition to the motion" (emphasis added)). Here, Proposed Intervenors moved to intervene. *See* Mot. to Intervene (Dkt. 18). That motion remains pending and the Court excused the Commission from responding to it. Min. Order (Sep. 8, 2026). Proposed Intervenors remain non-parties and, therefore, may not make substantive filings in this case.

---

[1] The Proposed Intervenors are Frequency Forward, the Media Action Center, Elise Nakhnikian, Ginger Feldman, Jen Senko, Marcia Annenberg, Rosy Harari, Kristen Brochmann, Jill Noelle Pellowski, Anne Cooper, William Clinton McSherry II, Merry Jones, Kimberley Leahy, James Keenan, Mitchell Szczepanczyk, Sabrina Haake, Torry Mercer, Jeff Shaw, Lanny Larson and Roxanne Griffith.

Moreover, the proposed filing is unhelpful in resolving the pending motion to dismiss. Defendants moved to dismiss this action for lack of subject-matter jurisdiction because the Hobbs Act and the Communications Act channel challenges to Commission orders to the courts of appeals. *See* Defs.' Mot. (Dkt. 23) at 23-31; Reply (Dkt. 52) at 5-20. But the proposed opposition only addresses the merits of Plaintiffs' claim of First Amendment retaliation; it does not argue that this Court has subject-matter jurisdiction. *See generally* Prop. Opp'n (Dkt. 37-1). Even if the Court accepts the filing, the Court should consider Proposed Intervenors' failure to address the Commission's jurisdictional argument as them conceding the Court lacks subject-matter jurisdiction. *See*, *e.g.*, *Stabil LCC v. Russian Federation*, 167 F.4th 506, 525 (D.C. Cir. 2026) ("arguments in favor of jurisdiction can be waived by inattention or deliberate choice"); *Magritz v. Ozaukee County*, 894 F. Supp. 2d 34, 39 n.3 (D.D.C. 2012) (concluding that "plaintiff has conceded the issue of subject matter jurisdiction" by failing "to respond to the arguments raised in the motion to dismiss").

For these reasons, the Commission respectfully requests that the Court deny Proposed Intervenors' request to file (Dkt. 37) and strike their proposed filing from the docket.

Dated: October 1, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 –2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2902 (LLA) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Proposed Intervenors' motion to file, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Proposed Intervenors' motion is DENIED, and it is further

ORDERED that the Clerk of Court is directed to strike from the record the proposed filing (Dkt. 37).

SO ORDERED:

________________
Date

____________________________
LOREN L. ALIKHAN
United States District Judge