IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, *et al.*,<br><br>*Defendants*. | Civil Case No. 1:26-cv-2902-LLA<br><br>Judge Loren L. AliKhan |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

*Anthropic PBC v. U.S. Dep't of War*, 2026 WL 2881404 (D.C. Cir. 2026), supports neither of the two propositions for which Defendants cite it.

*First*, *Anthropic* did not announce a blanket rule against considering government statements when assessing retaliation claims. Instead, it offered the common-sense observation that "pungent" statements by government officials do not necessarily show unlawful agency intent. *Anthropic*, 2026 WL 2881404, at *17 (concluding that a government official's complaints about the plaintiffs' "sanctimonious rhetoric," "virtue-signaling," and "Silicon Valley ideology" did not render the official's contemporaneous explanation for his actions uncredible). Unlike in *Anthropic*, the Administration's statements here provide direct evidence of retaliatory motive: the President, for example, has repeatedly directed Defendants to strip Plaintiffs' broadcasting licenses because of disfavored speech, PI Reply 23–25, Dkt. No. 43, and the Chairman has made clear that he intends to follow through on those threats in the early license renewal proceeding, *id.* at 26–27. Nothing in *Anthropic* undercuts these statements' force.

*Second*, *Anthropic* has no bearing on the jurisdictional issues presented here because the plaintiff there was not claiming that the process itself was retaliatory. Instead, the plaintiff was merely challenging the government's final determination. By contrast, the claim here is that there should be no regulatory proceeding at all because Defendants initiated the proceeding for retaliatory purposes. This injury flows from the very existence of the proceeding and cannot be remedied by any appellate review of a final agency decision months or years later. Absent district court jurisdiction, Plaintiffs therefore cannot obtain meaningful review. Congress did not intend that result.

Dated: October 2, 2026

By: /s/ Beth A. Wilkinson

Beth A. Wilkinson (D.C. Bar No. 462561)
Jenna P. Swarbrick (D.C. Bar No. 1614398)
Daniel Epps (*pro hac vice*, D.C. Bar No. 1002523)
Luke Churchill (D.C. Bar No. 90020985)
**WILKINSON STEKLOFF LLP**
2001 M St. NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jpswarbrick@wilkinsonstekloff.com
depps@wilkinsonstekloff.com
lchurchill@wilkinsonstekloff.com

Caroline Li (D.C. Bar No. 1779285)
**WILKINSON STEKLOFF LLP**
130 W 42nd St., 24th Floor
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
cli@wilkinsonstekloff.com

Paul D. Clement (D.C. Bar No. 433215)
Jeffrey C. Thalhofer (D.C. Bar No. 1658324)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314

(202) 742-8900
paul.clement@clementmurphy.com
jeff.thalhofer@clementmurphy.com

*Counsel for Plaintiffs American Broadcasting Companies, Inc.; The Walt Disney Company; KABC Television, LLC; KFSN Television, LLC; KGO Television, Inc.; KTRK Television, Inc.; WABC Television (New York), LLC; WLS Television, Inc.; WPVI Television (Philadelphia), LLC; and WTVD Television, LLC.*