**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL COMMUNICATION COMMISSION, *et al.*,<br><br>*Defendants*. | Civil Action No. 26 - 2902 (LLA) |

**ORDER**

Plaintiff American Broadcasting Companies, Inc. ("ABC"), its parent company, The Walt Disney Company, and eight television stations of which ABC is the indirect parent (collectively, "Plaintiffs") commenced this action against the Federal Communications Commission ("FCC"), FCC Chairman Brendan T. Carr, Commissioner Anna M. Gomez, Commissioner Olivia B. Trusty, and two not-yet-appointed commissioners John Doe 1 and John Doe 2 (collectively, "Defendants"). ECF No. 1. Plaintiffs allege that Defendants have retaliated against and continue to retaliate against them for their protected expression in violation of the First Amendment. *Id.* ¶¶ 131-145. Plaintiffs seek preliminary and permanent injunctive relief preventing Defendants from taking any action in relation to their license renewals or otherwise seeking to influence their exercise of editorial discretion. *Id.* at 43-44.

Frequency Forward, Media Action Center, and several individual viewers (collectively, "Proposed Intervenors") have filed a joint Motion to Intervene. ECF No. 18. Proposed Intervenors consist of "FCC watchdog non-profits and regular viewers of ABC stations in their home markets."

ECF No. 18-1, at 2. Plaintiffs oppose the motion. ECF No. 22. Defendants do not take a position on the motion, ECF No. 18, at 2, and the court relieved them of their obligation to respond, Sep. 8, 2026 Minute Order. Proposed Intervenors subsequently moved for leave to file an opposition to Defendants' motion to dismiss, ECF No. 37, which Defendants oppose, ECF No. 62. For the following reasons, the court will deny the motion to intervene and deny as moot the motion for leave to file an opposition.

Federal Rule of Civil Procedure 24 provides that, "[o]n timely motion," the court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To qualify for intervention as of right, the movant must satisfy Rule 24(a)'s four requirements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *Sec. & Exch. Comm'n v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)); *see Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).[1]

Plaintiffs contend that Proposed Intervenors fail to establish a legally protected interest, ECF No. 22, at 4-7, and that they have failed to establish inadequate representation, *id.* at 7-9. The

[1] "Intervenors seeking relief broader than or different from that sought by existing parties must possess constitutional standing . . . but intervenors that seek the same relief sought by at least one existing party need not do so." *Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025). Here, because Proposed Intervenors do not purport to seek relief broader than or different from the relief sought by Plaintiffs, *see* ECF No. 18-1 ¶¶ 7, 13, they need not independently demonstrate Article III standing.

court agrees with the second argument and thus denies the motion to intervene without addressing the first.

To intervene as of right, a movant must "show[] that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "Although this burden is not onerous . . . the [movant] 'must produce something more than speculation as to the purported inadequacy.'" *Aref v. Holder*, 774 F. Supp. 2d 147, 172 (D.D.C. 2011) (quoting *Moosehead Sanitary Dist. v. S. G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979)). Where "both the [proposed] intervenor and existing party have the same ultimate objective," courts presume that the existing party will adequately represent the movant's interests. *HRH Servs. LLC v. Travelers Indem. Co.*, No. 23-CV-2300, 2024 WL 4699925, at *9 (D.D.C. Nov. 6, 2024) (quoting *Cobell v. Jewell*, No. 96-CV-1285, 2016 WL 107034595, at *2 (D.D.C. Mar. 30, 2016)); *see Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010) (presuming a principal was adequately represented by its surety); *Bruch v. Griffith Energy Servs., Inc.*, No. 11-CV-1101, 2014 WL 12799159, at *4 (D.D.C. Mar. 24, 2014). To rebut that presumption, a movant must "demonstrate[] special circumstances that make the representation inadequate, such as 'adversity of interest, collusion, or nonfeasance.'" *Cobell*, 2016 WL 10704595, at *2 (quoting *Moosehead Sanitary Dist.*, 610 F.2d at 54); *see* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 (3d ed. 2026) ("[I]f the absentee's interest is identical to that of one of the present parties, . . . then a compelling showing should be required to demonstrate why this representation is not adequate.").

Here, Proposed Intervenors concede that they "seek the same ultimate result" in this litigation as Plaintiffs. ECF No. 18-1 ¶ 13. They do not contest that this shared ultimate objective triggers a presumption of adequate representation, *see generally* ECF No. 30, nor do they identify

"adversity of interest, collusion, or nonfeasance," *Moosehead Sanitary Dist.*, 610 F.2d at 54, or other "special circumstances," *Cobell*, 2016 WL 10704595, at *2. Because Proposed Intervenors seek identical relief to Plaintiffs and fail to rebut the presumption of adequacy, intervention is unwarranted.

Indeed, even in the absence of any presumption, Proposed Intervenors' claim of inadequate representation amounts to sheer speculation. *See Aref*, 774 F. Supp. 2d at 172. Proposed Intervenors do not claim that Plaintiffs have been unwilling or unable to make any particular arguments or strategic choices. *See generally* ECF No. 18-1; *cf. Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (granting intervention where the movant "challenge[d] three of the stipulations entered by [the] plaintiffs and [the defendant]" and sought to file a dispositive motion that took "a different and much broader approach" to a particular defense). Indeed, they describe Plaintiffs as "ably document[ing]" Defendants' wrongdoing. ECF No. 18-1 ¶ 2. Their sole articulated basis for intervention is the "concern that Disney/ABC might secretly negotiate a settlement" with the FCC that would "violate the First Amendment rights of viewers of ABC stations." *Id.* ¶ 11. That "concern" is unfounded and insufficient to warrant intervention. *See Moosehead Sanitary Dist.*, 610 F.2d at 54-55 (holding that the movant's argument that the plaintiff may be tempted to settle a claim in a way unfavorable to the movant was insufficient to demonstrate inadequate representation where the movant made no indication that "any such settlement [was] in the offing"); *see also A.R. v. Dudek*, No. 13-CV-61576, 2014 WL 12519764, at *3 (S.D. Fla. Apr. 7, 2014) (explaining that "[m]ere speculation that a claim may be settled . . . 'fails to demonstrate that intervention . . . is warranted'" (third alteration in original) (quoting *Williams Island Synagogue, Inc. v. City of Aventura*, 222 F.R.D. 554, 556 (S.D. Fla. 2004)).

Proposed Intervenors point to language in Plaintiffs' complaint describing the harm that Plaintiffs have allegedly suffered and the chill that they have experienced due to Defendants' alleged misconduct as evidence that Plaintiffs are under pressure to settle or cave. ECF No. 18-1 ¶ 13 & n.11. But these allegations provide no basis to believe that Plaintiffs may "secretly" settle. *Id.* ¶ 11. Indeed, rather than caving into the pressure to alter their content, Plaintiffs commenced this lawsuit to obtain the very relief that Proposed Intervenors also seek. *See Cobell*, 2016 WL 10704595, at *2 (denying intervention where the movant "concur[red] fully with the arguments made to the Court" by existing parties). Proposed Intervenors also suggest in their reply brief that Plaintiffs may be "willing[] to self-censor and take other steps to appease the administration, even when those steps violate [Plaintiffs'] public interest obligations under the Communications Act," ECF No. 30, at 7, or their obligations to the "public trust," ECF No. 18-1 ¶ 12. But those contentions cut even more strongly against Proposed Intervenors' allegations of inadequacy, because Proposed Intervenors are speculating not only that Plaintiffs may secretly take actions inconsistent with their public position in litigation, but that Plaintiffs would do so in violation of their own legal and fiduciary obligations. *See* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 (noting that courts presume adequate representation where an existing party is "charged by law with representing the interest of the absentee").

Should any new evidence arise that Plaintiffs are unwilling to pursue their own stated objectives, Proposed Intervenors may reraise concerns regarding the adequacy of Plaintiffs' representation. *Cf. Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (holding that the appellants' motion to intervene after a judgment was timely where the "potential inadequacy of representation came into existence only at the appellate stage" (quoting *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986)). But the mere possibility that Plaintiffs may later

diverge from their asserted objectives is insufficient at this juncture to demonstrate inadequate representation.

Finally, although Proposed Intervenors cite Federal Rule of Civil Procedure 24(b), *see* ECF No. 18, at 1; ECF No. 18-1 ¶ 1, which authorizes a court to permit intervention where the movant "is given a conditional right to intervene by federal statute" or has a "claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1), Proposed Intervenors fail to make any argument that permissive intervention is warranted and thus forfeit that argument. "Mentioning an argument 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones' is tantamount to failing to raise it." *Al-Tamini v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005)). In any event, the court concludes that permissive intervention is unwarranted because Proposed Intervenors fail to identify any claim or defense that they wish to bring. Indeed, they have wholly failed to "accompan[y]" their motion with "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *see generally* ECF Nos. 18, 30.

Accordingly, it is hereby **ORDERED** that Proposed Intervenors' Motion to Intervene, ECF No. 18, is **DENIED**. It is further **ORDERED** that Proposed Intervenors' Motion for Leave to File, ECF No. 37, is **DENIED** as moot.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: October 5, 2026